UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ.18-4108-RAL |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS |
| SHANTEL KREBS, Secretary of State, in her official capacity, and MARTY J. JACKLEY, Attorney General, in his official capacity, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Comes now Defendants, Shantel Krebs and Marty J. Jackley in their official capacities, by and through the undersigned counsel, for the limited purpose of moving this Court to dismiss this action for failure to effectuate proper service of process Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

**PROCEDURAL BACKGROUND**

To provide the context for the arguments made herein regarding jurisdiction, Defendants provide the following procedural background. South Dakota law requires a state party chairman to provide thirty days-notice to the Secretary of State prior to the holding of a political party convention. *See* SDCL § 12-5-17. The Secretary of State's Office initially received a notice of convention of the Constitution Party of South Dakota (CPSD) to be held on July

14, 2018.  Affidavit of Shantel Krebs, ¶ 4; *see also* Secretary of State website at https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-Political-Party-Conventions.aspx.[1]  On Friday, July 13, 2018, the Secretary of State received notice of a convention of the CPSD to be held in Pierre, SD at 9 a.m. on August 14, 2018, submitted by Lora Hubbel, purporting to be the chair of the CPSD.  Affidavit of Shantel Krebs, ¶ 5; *see also* Secretary of State website at https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-Political-Party-Conventions.aspx.  On Sunday, July 15, 2018, the Secretary of State received an email purportedly signed by Lori Stacey, who also claimed to be state party chairman, of a convention of the CPSD to be held in Pierre, SD at 11 a.m. on August 14, 2018.[2]  Affidavit of Shantel Krebs, ¶ 6; *see also* Secretary of State website at

---

[1] Counsel believes that the Court may take judicial notice of government websites and thus refers to the South Dakota Secretary of State's website when possible.  *See, e.g., Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (recognizing authority to take judicial notice of government websites).

[2] On July 17, 2018, the Secretary of State requested certification of the state party chair be made pursuant to SDCL § 12-5-14 due to the two notices of convention of the CPSD signed by different individuals claiming to be the state party chair.  *See* Secretary of State website at https://sdsos.gov/elections-voting/assets/ConstitutionPartyConventionSOSResponse07.17.2018.pdf.

On July 23, 2018, the Secretary of State's Office received certification from Joel Bergan that he had assumed the position of state party chair after the resignation of Lora Hubbel.  Then, on August 6, 2018, the Secretary of State's Office received a letter purportedly signed by Ms. Stacey outlining that Mike Gunn was the state party chairman.

https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-Political-Party-Conventions.aspx.

Dan Lederman, chairman of the South Dakota Republican Party, filed an application for writ of prohibition on August 1, 2018, in the Sixth Judicial Circuit of the State of South Dakota, requesting that the state court prohibit the Secretary of State from certifying any CPSD candidates chosen at convention as the notices of convention were deficient under state law and the bylaws of the CPSD. Affidavit of Shantel Krebs, ¶ 9; *see also* Affidavit of Ann F. Mines Bailey, Ex. B.; Secretary of State website at https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-Political-Party-Conventions.aspx. The CPSD was also named and served as a party to the action. *See* Secretary of State website at https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-Political-Party-Conventions.aspx. The action, entitled *Lederman v. Krebs*, 32CIV18-0000147, was assigned to Honorable Patricia J. DeVaney and a hearing on the application for the writ was scheduled for August 16, 2018. *See id.; see also* Affidavit of Ann F. Mines Bailey, Ex. C.

On August 14, 2018, the Secretary of State received two slates of nominees for the CPSD, one from each of the conventions held on August 14, 2018. Affidavit of Shantel Krebs, ¶ 11. Plaintiffs were nominees for the offices of Governor and United States House of Representatives resulting from the

convention held by the faction which at one point asserted Ms. Hubbel and then Joel Bergan held the position of state party chairman. *Id.*

The state court held a hearing on August 16, 2018. Affidavit of Ann F. Mines Bailey, Ex. E. At the conclusion of the hearing, the state court granted the writ of prohibition. Affidavit of Ann F. Mines Bailey, Ex. E. In so ruling, the state court observed that there was insufficient evidence in the record to determine who held the office of state party chairman and, therefore, who could issue the notice of convention pursuant to SDCL § 12-5-17. The state court ultimately held that neither the July 13, 2018 notice of convention, nor the July 15, 2018 notice, were proper under the bylaws of the CPSD as the bylaws require that a convention be held within sixty days of the primary election. The August 14, 2018 convention dates, however, were more than sixty days past the June 5, 2018 primary election. Additionally, the state court found the July 15, 2018 notice failed to meet the requirements of SDCL § 12-5-17 as it provided less than the required thirty days-notice of convention to the Secretary of State. Because there was not a proper notice of convention as required by statute, the state court ruled that there could not be a certification of the nominees chosen at either of the conventions. Judgment was issued on August 17, 2018. Affidavit of Ann F. Mines Bailey, Ex. D. An Amended Judgment was issued on August 21, 2018, and Notice of Entry was mailed that same day. Affidavit of Ann F. Mines Bailey, Ex. E. *See* Secretary of State website at https://sdsos.gov/elections-voting/upcoming-elections/general-

information/2018-Political-Party-Conventions.aspx.  This action is currently on appeal to the South Dakota Supreme Court.[3]

## DISCUSSION

### A.    Insufficient Service of Process

Defendants contend that service of the Complaint upon Secretary Krebs, and, under the Amended Complaint of Secretary Krebs and Attorney General Jackley, is governed by Fed. R. Civ. P. 4(j) as both the Complaint and Amended Complaint are seeking relief against Secretary Krebs and Attorney General Jackley in their official capacities.[4]  *See Sisney v. Kaemingk,* 2016 WL 3030162 (D.S.D. May 25, 2016); and *Chapman v. NY State Div. for Youth,* 227 F.R.D. 175, 179 (N.D.N.Y 2005).  Under Fed. R. Civ. P. 4(j), service of process must be accomplished by serving the chief executive officer (the Governor) or by complying with the state requirements for the service of a summons.[5]  In this matter, Plaintiffs have not served the Governor of the State of South Dakota.  Accordingly, to have effectuated proper service, Plaintiffs must have met the requirements of state law.  South Dakota Codified Law, section 15-6-4(d)(6)

---

[3] Terry LaFleur, who was nominated to be the gubernatorial candidate by the other faction of the CPSD, moved to intervene during the state court case and his motion was granted.  He is now seeking review of the state court decision by the South Dakota Supreme Court.  The case number of that appeal is SCT No. 28701.

[4]  A suit against a state official in his or her official capacity constitutes a suit against the State.

[5] Federal Rule of Civil Procedure 4(e) also requires that a plaintiff comply with the state requirements of service of process.

provides that "[i]f the action is against a state officer, employee or agent arising out of his office, employment or agency, a copy of the summons and complaint shall be mailed, certified mail, postage prepaid to the attorney general together with an admission of service and a return envelope, postage prepaid, addressed to the sender."  SDCL § 15-6-4(d)(6).  Here, Plaintiffs have failed to properly serve the Summons and Complaint, or even the Amended Complaint.

On August 31, 2018, the Office of the Secretary of State received a copy of the Complaint sent via certified mail.  Affidavit of Shantel Krebs, ¶ 17.  On September 4, 2018, the Office of the Secretary of State received two envelopes from Plaintiffs.  Affidavit of Shantel Krebs, ¶ 18.  One envelope contained a copy of the summons, a form entitled "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge", and a copy of a receipt from the Meadows Postal Store and a copy of a certified mail receipt.  Affidavit of Shantel Krebs, ¶ 18. The second envelope contained a "Motion to Prevent the Printing of Ballots Until This Case is Heard Writ of Prohibition to Enjoin the Secretary of State from Printing Ballots" and a "Memorandum in Support of Plaintiffs Motion for Preliminary Injunction".  Affidavit of Shantel Krebs, ¶ 18.  Neither of the envelopes received on September 4, 2018, were sent certified mail.  *See* Affidavit of Shantel Krebs, ¶ 18.

On September 17, 2018, the Office of the Attorney General received, by certified mail, a copy of the summons, a form entitled ""Notice, Consent, and Reference of a Civil Action to a Magistrate Judge", a copy of the Amended

Complaint and accompanying exhibits, a Motion to Prevent the Printing of the Ballots Until this Case is Heard Writ of Prohibition to Enjoin the Secretary of State from Printing Ballots, and a Memorandum of Support of Plaintiffs' Motion for Preliminary Injunction, along with a stamped envelope which bears the address of the Office of the Attorney General as the sender but no addressee. Affidavit of Ann F. Mines Bailey, ¶ 3.

As previously noted, South Dakota law requires a copy of the summons, complaint and admission of service to be sent to both the Secretary of State and the Attorney General by certified mail.  The Secretary of State and the Attorney General's Office have now received the Complaint sent via certified mail.  The Secretary of State's Office did not receive the summons via certified mail.  *See* Affidavit of Shantel Krebs, ¶¶ 17-18.  Further, neither the Secretary of State nor the Attorney General have received an admission of service or a "return envelope, postage prepaid, and addressed to the sender".  *See* Affidavit of Shantel Krebs, ¶¶ 17-19; Affidavit of Ann F. Mines Bailey, ¶ 3.  Finally, the Secretary of State did not receive the documents "together" as required by SDCL § 15-6-4(d)(6).  As the Eighth Circuit noted in *Sommervold v. Wal-Mart, Inc.,* 709 F.3d 1234, 1237 (8th Cir. 2013), the South Dakota Supreme Court has repeatedly rejected claims of substantial compliance by plaintiffs who failed to comply with the requirements of SDCL § 15-6-4(d).  Likewise, claims of substantial compliance which may be advanced by Plaintiffs should be rejected in this matter.  Plaintiffs have failed to comply with the requirements of the

7

statute thus resulting in insufficient service of process. Accordingly, this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

### B.      Lack of Jurisdiction

Defendants additionally move the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. "Motions under 12(b)(1) may assert either a 'facial' or 'factual' attack on jurisdiction." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). When reviewing a factual attack, "a district court may look outside the pleadings to affidavits or other documents." *Id.* "[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Id.* (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). Here, Defendants make both a facial and a factual attack. While Defendants believe that the Court need not look past the pleadings to determine that the Court lacks jurisdiction, they nonetheless provide an affidavit in support of their argument.

### 1.      Mootness

Even if Plaintiffs had effectuated proper service of process, the Court would still lack jurisdiction as the relief sought cannot be granted. "'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). "Article III of the

8

Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *See Chafin v. Chafin*, 568 U.S. 165, 172, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013). "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* at 172, 133 S. Ct. at 1023 (quoting *Knox v. Service Employees*, 567 U.S. _____, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012)). Here, it has become impossible for the Court to grant relief should Plaintiffs prevail.

The crux of this litigation was whether the candidates chosen at convention by the CPSD could be certified to the 2018 general election ballot. The time for certification has now passed. Affidavit of Shantel Krebs, ¶¶ 13-14. South Dakota Codified Law, section 12-8-8 provides, in pertinent part, as follows:

> The secretary of state, not later than the third Tuesday in August at five p.m. before the general election, shall certify to the county auditor of each county within which any voters of this state vote for the officer or officers nominated at the preceding primary, whose certificates of nomination have been filed in the office of the Secretary of State, or who have been regularly named or petitioned for filling of a vacancy, the name and description of each person so nominated.

Thus, the statute required certification of candidates for the 2018 general election no later than August 21, 2018, as that was the third Tuesday in August. As required by statute, the Secretary of State has already certified the candidates for the 2018 general election ballot to the county auditors. Affidavit of Shantel Krebs, ¶¶ 13-14. The certification cannot be altered now. *See* Affidavit of Shantel Krebs, ¶¶ 15-16. The county auditors, who are responsible

9

for creating the ballots with the vendor who prints the ballots, have exported all ballot information to the vendor.  The Secretary of State's Office has been informed that the vendor has printed and delivered all ballots to the county auditors.  Affidavit of Shantel Krebs, ¶ 15.  Furthermore, by statute, the ballots are required to be in the possession of the county auditors no later than September 19, 2018.  *See* SDCL § 12-16-1.  Additionally, absentee voting commences on September 21, 2018, pursuant to both state and federal law. *See* SDCL § 12-19-1.2 and 52 U.S.C. § 20302; *see also* Affidavit of Shantel Krebs, ¶ 16.  As a result, the relief sought by Plaintiffs, the certification of certain CPSD candidates chosen at a particular convention, cannot be granted even if they were successful in this action.  Accordingly, this action should be dismissed for want of jurisdiction.

### 2.    **Rooker-Feldman Doctrine**

This action is also barred under the *Rooker-Feldman* doctrine as Plaintiffs are essentially seeking an appellate review by this Court of a state court judgment.  "The *Rooker–Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).  For the doctrine to apply, three elements must be met:  "(1) The plaintiff in the federal case lost in state court; (2) The plaintiff

was injured by a state-court judgment; and (3) The state-court judgment was rendered before the plaintiff commenced the federal suit." *Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) (citing *Exxon Mobil Corp. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005)).

Here, the requirements are met.  Plaintiffs are seeking the appellate review of the state court decision in the *Lederman v. Krebs*, 32CIV18-0000147 matter.  As previously noted, in *Lederman*, the South Dakota Republican Party sought a writ of prohibition requesting that the Secretary of State not certify any candidates from the convention of the CPSD presented to the Secretary of State for placement on the 2018 general election ballot.  Affidavit of Ann F. Mines Bailey, Ex. B.  The CPSD was a named party to that action and presumably charged with representing the interests of its nominees, including Plaintiffs.[6]  Affidavit of Ann F. Mines Bailey, Ex. A-E.  As previously set forth, the state court held a hearing and, at the conclusion of the hearing, entered oral findings that there was insufficient evidence in the record to determine who held the office of state party chairman.  As a result, the state court ruled that the notices of conventions were improperly issued.  Furthermore, the state

---

[6] Petitioner (SD Republican Party) served Joel Bergan on behalf of the CPSD as, at the time the action was filed, he was the individual who had been certified to the Secretary of State to be the state party chairman and asserted that he attained the office after the resignation of Ms. Hubbel.  Additionally, it was his information which had been provided to the Secretary of State's Office as the point of contact for the CPSD.

11

court ruled that the notices were not timely.  Accordingly, the state court concluded that the Secretary of State should be prohibited from certifying any CPSD nominees chosen at convention to the 2018 general election ballot. Affidavit of Ann F. Mines Bailey, Ex. E.

In their prayer for relief, Plaintiffs' "request preliminary and permanent injunctive relief from the court ordering Secretary Krebs, and her agents and employees, from enforcing, applying or implementing the complained-of ruling by Judge DeVaney, and ordering Secretary Krebs to certify the nomination of Statewide Constitution Party Candidates . . . ." Amended Complaint, ¶ 41. They additionally seek a declaration from this Court that the state court order was unconstitutional.  *See id.* at ¶¶ 41, 42, and 43.  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)).  *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (holding "[a] party who was unsuccessful in state court thus 'is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights.'").  As a result, the Court is deprived of subject matter jurisdiction.

12

### 3.    Preclusion

Should the Court find that Plaintiffs were not parties to the *Lederman* action, Defendants assert that the matter should be dismissed under the doctrines of issue and/or claim preclusion.  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984)).  *See also* 28 U.S.C. § 1738.  Issue preclusion, also referred to as collateral estoppel, "bars 'a point that was actually and directly in issue in a former action and was judicially passed upon and determined by a domestic court of competent jurisdiction.'".  *Nemec v. Goeman*, 2012 S.D. 14, ¶ 15, 810 N.W.2d 443, 446 (quoting *Link v. L.S.I., Inc.*, 2010 S.D. 103, ¶ 36, 793 N.W.2d 44, 55).  For the doctrine to apply under South Dakota law, four factors must be met:  "'(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?'"  *Hamilton v. Sommers*, 2014 S.D. 76, ¶ 34, 855 N.W.2d 855, 866 (quoting *Estes v. Milea*, 464 N.W.2d 616, 618 (SD 1990)).  Here, the state court directly addressed the issue of whether the Secretary of State should certify the

13

nominations of the CPSD and issued a final judgment on the merits.  The
CPSD was a named party and privity existed between the CPSD and Plaintiffs
as Plaintiffs were the nominees of the CPSD.  Finally, Plaintiffs had a full and
fair opportunity to litigate the issues before the state court.  That such an
opportunity existed is demonstrated by the fact that one of the nominees from
the other faction intervened as an interested party and is now appealing the
state court's decision to the South Dakota Supreme Court.  *See* Affidavit of Ann
F. Mines Bailey, Ex. F.  Further, the opportunity to fully litigate these issues is
illustrated by the fact that this faction did retain counsel who submitted a
notice of appearance in the state court action.[7]  *See* Affidavit of Ann F. Mines
Bailey, Ex. A.

Furthermore, Plaintiffs' claims are barred under the doctrine of claim
preclusion.  "As to claim preclusion, the 'test is a query into whether the wrong
sought to be redressed is the same in both actions.' . . .  Claim preclusion bars
not only relitigation of issues previously heard and resolved, but also claims
that could have been raised in the earlier proceeding, even though not actually
raised."  *Nemec*, 2012 S.D. 14, ¶ 16, 810 N.W.2d at 447 (citations omitted).
Plaintiffs admittedly knew of the underlying state court action.[8]  Amended

---

[7] Counsel later withdrew from representation.

[8] Defendants and counsel deny the assertions that either the Secretary of State
or the Attorney General's Office agreed or asserted that they would defend the
CPSD.  Rather, Defendants point to this paragraph as admission by Plaintiffs
that they had knowledge of the state court proceedings and could have
independently participated in those proceedings but chose not to act.

Complaint, ¶33.  Plaintiffs had the opportunity to present their claims that a prohibition of certifying the nominees would violate their constitutional rights. Accordingly, this action should be dismissed.

## CONCLUSION

Plaintiffs acknowledge that time is of the essence.  The casting of votes in the 2018 general election begins this week – Friday, September 21, 2018.  Yet, Plaintiffs have failed to properly serve the Defendants, even when instructed by this Court.  Regardless, this Court lacks jurisdiction as Plaintiffs' alleged injuries and requests for remedy require the appellate review of a state court decision arising out of a proceeding that they were a party to through their political party, and to which they could have become a named party by intervention.  Unsatisfied with the decision of the state court, Plaintiffs ask this Court to reverse the underlying state court judgment and order a remedy which is not available.  Such requests fall outside this Court's jurisdiction. Accordingly, this matter should be dismissed.

Dated this 21st day of September 2018.

MARTY J. JACKLEY
ATTORNEY GENERAL

/s/ *Ann F. Mines Bailey*
Ann F. Mines Bailey
Assistant Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD  57501-8501
Telephone: (605) 773-3215
Email: Ann.MinesBailey@state.sd.us
*Attorney for Defendants*

usdc_AFM G. Matt Johnson and Lora Hubbel v. Shantel Krebs et al. – Brief in Support of Motion to Dismiss (cm)