UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ.18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) ) | DEFENDANT'S BRIEF IN SUPPORT |
| TERRY LEE LaFLEUR, | ) ) | OF MOTION TO STAY |
| Intervenor Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SHANTEL KREBS, Secretary of State, in her official capacity, | ) ) ) | |
| Defendant. | ) ) | |

Comes now Defendant, Shantel Krebs in her official capacity, by and through the undersigned counsel, and hereby moves to stay any required response from the Defendant to Plaintiffs Hubbel and Johnson's Motion for Summary Judgment (Doc. 21). In the alternative, the Defendant requests the Court stay any required response to the Plaintiffs' Motion for Summary Judgment by the Defendant until 21 days after resolution of this motion to stay.

On September 12, 2018, this Court ordered that the Defendant and the Attorney General "answer or otherwise respond" to a served complaint. Doc 14. On September 21, 2018, Defendant filed limited notices of appearance in this matter for the purpose of contesting the Court's jurisdiction and, in

response to the Court's order, a Motion to Dismiss. Docs. 18-20. Also on September 21, 2018, Plaintiffs Hubbel and Johnson filed a Motion for Summary Judgment. Doc. 21. Under the D.S.D. L.R. 7.1, Defendant has twenty-one days to file a response brief, which by counsel's calculations would be October 12, 2018.

In the interim, several other motions were filed and a motions hearing was held. *See* Docket 18-cv-04108, generally. While this Court addressed portions of the Motion to Dismiss (Doc. 20) at the motions hearing (Doc. 32) and within its Opinion and Order (Doc. 33), the dispositive Motion to Dismiss has not been fully resolved and is still pending. As this Court has not fully resolved the Motion to Dismiss (Doc. 20), out of an abundance of caution, the Defendant requests that the time frame for any required response to Plaintiffs Hubbel and Johnson's Motion for Summary Judgment (Doc. 21) be stayed until after this Court has fully resolved Defendant's Motion to Dismiss (Doc. 20). The Defendant's motion is made in the interests of judicial economy and in the interests of the parties.

It is recognized that a court "has the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Gard v. Kaemingk*, No. CIV. 13-4062-LLP, 2014 WL 4092776, at *4 (D.S.D. Aug. 18, 2014) (citing *Contracting Nw., Inc. v. City of Fredericksburg, Iowa,* 713 F.2d 382, 387 (8th Cir.1983)); *see also Kemp v. Tyson Seafood Group, Inc.,* 19 F.Supp.2d 961, 964 (D.Minn.1998); *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

This inherent power includes the "settled proposition that a court has broad discretion ... to stay [an action in the proceeding] until preliminary questions that may dispose of the case are determined." *Farouki v. Petra Int'l Banking, Corp.,* 683 F. Supp. 2d 23, 26 (D.D.C. 2010) (citations and quotations omitted). In fact, a stay may be considered appropriate "while a motion that would be dispositive of the claims ... is pending." *Geiser v. Simplicity, Inc.,* No. 5:10–CV–21, 2011 WL 128776, at *4 (D.W.Va. Jan. 14, 2011) (Slip Copy). When determining whether a stay is appropriate, courts have considered the following factors: judicial economy and the balance of potential prejudice, hardship, and inequity to the parties. *See Benge v. Eli Lilly & Co.,* 553 F. Supp. 2d 1049, 1050 (N.D.Ind.2008). In this case, these factors weigh in favor of a stay.

    A stay is appropriate because the Defendant's pending Motion to Dismiss (Doc. 20) is dispositive and could result in the dismissal of the matter before the Court. Awaiting for the resolution of the Motion to Dismiss will benefit both parties and would further the interests of judicial economy, as it has the potential to resolve the matter and absolve the need for any further action. Therefore, a stay could potentially avoid the waste of judicial resources and the parties' resources in addressing the Plaintiffs' Motion for Summary Judgment.

    Furthermore, a stay would not harm the Plaintiffs as this Court has already indicated in its Opinion and Order that "Johnson, Hubbel, and LaFleur appear to have little likelihood of success on the merits based on the present record." Doc. 33 at 15. Therefore, the Plaintiffs' interest (to be placed on the 2018 general election ballot) would not be affected by a stay. Further, this

Court has already denied the request for a preliminary injunction, the 2018 general election ballot has been printed, and absentee voting has begun.  *See* Doc. 33.

The Defendant's Motion to Stay is supported by the circumstances presented in this matter and is supported by this Court's recent grant to stay discovery in another action which involved a pending dispositive motion (a qualified immunity defense in a Sec. 1983 action) and recognition of the importance of resolving questions of law at the earliest point possible.  *Gard v. Kaemingk*, No. CIV. 13-4062-LLP, 2014 WL 4092776, at *4 (D.S.D. Aug. 18, 2014) (citing *O'Neil v. City of Iowa City,* 496 F.3d 915, 917 (8th Cir. 2007)).

Accordingly, the Defendant respectfully requests that any required response to Plaintiffs Hubbel and Johnson's Motion for Summary Judgment (Doc. 21) be stayed.  In the alternative, the Defendant requests the Court stay any required response by the Defendant until 21 days after resolution of this motion to stay.

Dated this 12th day of October 2018.

    /s/ *Kirsten E. Jasper*
Kirsten E. Jasper
Ann F. Mines Bailey
Assistant Attorneys General
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
E-mail: Kirsten.Jasper@state.sd.us
E-mail: Ann.MinesBailey@state.sd.us

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

     I hereby certify that on the 12th day of October 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

     I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

G. Matt Johnson
204 S 7th Ave.
Brandon, SD 57005

Lora Hubbel
4605 W Graceland Ct.
Sioux Falls, SD 57106

Terry Lee LaFleur
4601 E. Clark St., Apt. 8
Sioux Falls, SD 57110

     /s/ *Kirsten E. Jasper*
Kirsten E. Jasper
Assistant Attorney General

usdc_kej G. Matt Johnson et al. v. Shantel Krebs - Brief in Support of Motion (mn)