UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ.18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) ) | DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION |
| TERRY LEE LaFLEUR, | ) ) | FOR SUMMARY JUDGMENT |
| Intervenor Plaintiff, | ) ) | |
| v. | ) ) | |
| SHANTEL KREBS, Secretary of State, in her official capacity, | ) ) ) ) | |
| Defendant. | ) | |

Comes now Defendant, Shantel Krebs in her official capacity, by and through the undersigned counsel and submits the following brief in response to Plaintiffs' Motion for Summary Judgment. Defendant hereby incorporates the arguments set forth in Defendant's Motion to Dismiss, as well as the exhibits submitted for the Court's consideration.

STANDARD OF REVIEW

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Estate of Johnson v. Weber*, 785 F.3d 267, 271 (8th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011) (citing *Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003)). "[A] party

opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A fact is said to be material only when the substantive law has identified a fact as one that may affect the outcome of the case. *Id.* at 248.

## ARGUMENT

Defendant first asserts that this Court is deprived of jurisdiction as set forth in Defendant's Motion to Dismiss. *See* Dockets 20 and 37. In their motion, Plaintiffs assert that their constitutional rights have been violated by the lawsuit instituted in state court, *Lederman v. Krebs, et al.*, 32 CIV 18-000147. In that action, as set forth in Defendant's Motion to Dismiss, Mr. Lederman applied for a writ of prohibition seeking a court order that the Secretary of State could not certify any candidate nominated by convention for the Constitution Party of South Dakota (CPSD). The state court, after taking evidence and argument, ruled that the CPSD convention was held in contravention of not only state statute but also the CPSD by-laws. Plaintiffs were notified of that action, had an opportunity to participate and chose not to do so. Their failure to act in a timely manner before the state court bars their claims from being entertained before this Court. *See* Dockets 20 and 37. *See also Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S.280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005)); *Hamilton v. Sommers*, 2014

S.D. 76, ¶ 34, 855 N.W.2d 855, 866 (quoting *Estes v. Milea*, 464 N.W.2d 616, 618 (S.D. 1990)); *Nemec v. Goeman*, 2012 S.D. 14, ¶¶ 14 and 16, 810 N.W.2d 443, 446-47; and *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)).

As outlined in Defendant's Motion to Dismiss, Plaintiffs were either parties to, or in privity with a party (CPSD) to the underlying state court proceeding. The issue presented to this Court is identical to the issue presented to the state court – should the CPSD convention nominees be certified to the 2018 general election ballot. This Court should not conduct an appellate review of this state court proceedings. Rather, this Court is deprived of jurisdiction under the *Rooker-Feldman* doctrine and the doctrines of issue and claim preclusion.

Additionally, as the Court noted in its Opinion and Order Denying Preliminary Injunctive Relief, there is a question as to whether Plaintiffs have the requisite standing to pursue these claims. *See* Docket #33, p. 15. To establish standing, "'a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.'" *Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 55 U.S. 488, 493 (2009)). Furthermore, "if a plaintiff is required to meet a precondition or to follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to

attempt to satisfy the precondition.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1161 (8th Cir. 2008).

Defendant contends that the right to have a convention nominee certified by the Secretary of State to the general ballot lies mainly with the recognized political party and becomes shared with the nominee once that individual is properly nominated. *See* SDCL §§ 12-5-21, 12-5-25, 12-5-26, and 12-8-6. The state court in the underlying matter found that a timely notice of convention had to be filed with the Secretary of State by the state party chairman as a prerequisite for certifying convention nominees to the ballot. *See* Transcript, 102:24-104:154. The state court further found that the notices setting the CPSD conventions for August 14 did not comply with either of these prerequisites. *See* Transcript, 124:4-23. Thus, the underlying state court determination explicitly found that the conditions precedent were not met and therefore, the CPSD convention nominees should not be certified to the 2018 ballot. Not only should this determination not be subject to appellate review by the federal courts, it provides a sufficient basis for this Court to find that Plaintiffs lack standing as they were not entitled to have their names on the ballot and therefore are not suffering an injury.

Additionally, Plaintiffs request that the Court "recognize the transfer of Party Chairmanship as detailed in the Complaint and supported by the Exhibits in the Amended Complaint." Docket #21, p. 3. This relief, however, was not set forth in the Second Amended Complaint. Further, for the Court to provide this requested relief the joinder of other parties would be necessary, including potentially the CPSD, Joel Bergan and/or Gordon Howie, Lori Stacey (who also claimed to be the state party chairman), and Mike Gunn (who currently claims to be the state party

4

chairman).  Most importantly, as the Court noted in its Order Denying Preliminary Injunctive Relief, the United State Supreme Court has warned of interfering with political party affairs.  *See Democratic Party of U.S. v. Wisconsin ex rel. LaFollette*, 450 U.S. 107, 123-24, 101 S.Ct. 1010, 1020, 67 L.Ed.2d 82 (1981).

Accordingly, Defendant requests this Court deny Plaintiffs' Motion for Summary Judgment and enter judgment in favor of Defendant dismissing this action for lack of jurisdiction.

Dated this 8th day of November 2018.

                              MARTY J. JACKLEY
                              ATTORNEY GENERAL

                              */s/ Ann F. Mines Bailey*
                              Ann F. Mines Bailey
                              Kirsten E. Jasper
                              Assistant Attorneys General
                              1302 E. Highway 14, Suite 1
                              Pierre, SD  57501-8501
                              Telephone: (605) 773-3215
                              Email: Ann.MinesBailey@state.sd.us

                              *Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

G. Matt Johnson
204 S 7th Ave.
Brandon, SD  57005

Lora Hubbel
4605 W Graceland Ct.
Sioux Falls, SD  57106

Terry Lee LaFleur
4601 E. Clark St., Apt. 8
Sioux Falls, SD  57110

/s/ *Ann F. Mines Bailey*
Ann F. Mines Bailey
Assistant Attorney General

usdc_AFM G. Matt Johnson and Lora Hubbel and Terry LaFleur v. Shantel Krebs – Defendant's Response to Plaintiffs' Motion for Summary Judgment (cm)