UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ.18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) ) | DEFENDANT'S RESPONSE TO PLAINTIFFS' |
| TERRY LEE LaFLEUR, | ) ) | STATEMENT OF MATERIAL FACTS AND DEFENDANT'S STATEMENT |
| Intervenor Plaintiff, | ) ) | OF MATERIAL FACTS |
| v. | ) ) | |
| SHANTEL KREBS, Secretary of State, in her official capacity, | ) ) ) | |
| Defendant. | ) | |

Comes now Defendant, Shantel Krebs in her official capacity, by and through the undersigned counsel, and submits this response pursuant to D.S.D. L.R. 56.1 to the material facts set forth in Plaintiffs' Motion for Summary Judgment. Though the Plaintiffs' Statement of Facts are not set forth as contemplated by D.S.D. L.R. 56.1(A), Defendant will attempt to parse out the material facts asserted and provide a response. All assertions of fact not admitted hereto are opposed, even if not individually set forth below. Further, to assist the Court, Defendant additionally provides statements of material fact that are either admitted by Plaintiffs in their Second Amended Complaint or evidenced by the record before the Court.

**Defendant's Response to Plaintiff's Material Facts**

1. On page 2 of Plaintiffs' Motion for Summary Judgment (Docket 21), Plaintiffs' state, "[t]he South Dakota Secretary of State was ordered to not certify the Constitution Party of South Dakota's duly nominated slate of candidates on the November ballot."

**Response:** Defendant admits that she was ordered to not certify any candidate nominated by convention by the Constitution Party of South Dakota (CPSD). Defendant objects to the phrase "duly nominated" as the state court found that the convention whereat the candidates were nominated was held in contravention to South Dakota law and the CPSD by-laws and accordingly it cannot be said that the candidates were properly nominated. Defendant further objects to the statement in that it fails to recognize that the Secretary of State was presented with two slates of convention candidates and additionally ignores the fact that the Secretary of State could only place one slate of candidates on the ballot.

2. Plaintiffs' state "[t]his was done by a successful lawsuit brought by Dan Lederman individually and in his capacity as Chairman of the SD Republican Party, 32 CIV 18-000147."

**Response:** Admit.

3. Plaintiff's indirectly assert that the CPSD is no longer a recognized party in South Dakota.

**Response:** The CPSD is currently a recognized political party pursuant to SDCL § 12-1-3(12). However, after the certification of the 2018 general election results, the CPSD will lose recognition as no CPSD statewide candidate on the ballot will have received two and one-half percent of the total vote for that race.

**Statement of Material Facts**

1. On August 1, 2018, an action entitled *Lederman v. Krebs, et al.* was filed in the Sixth Judicial Circuit, State of South Dakota seeking the issuance of a writ of prohibition preventing the certification of the Constitution Party of South Dakota's (CPSD) convention nominees. *See* Docket #38, Second Affidavit of Ann Mines Bailey, Exhibit H.

2. Both the Secretary of State, Shantel Krebs, and the Constitution Party of South Dakota were named respondents in the *Lederman* action. *See id.*

3. Prior to the commencement of the action, Joel Bergan had served on the executive committee for the CPSD. *See* Second Amended Complaint, ¶¶ 12-14.

4. At the time the action was filed, Joel Bergan had been certified to the Secretary of State as chairman of the CPSD and his information was listed as the contact for the CPSD. *See* Transcript 68:13-69:69.

5. The record reflects that Mr. Bergan was served with the application for writ of prohibition and notice of hearing. *See id. See also*, Docket #22, Affidavit of Joel Bergan (Bergan Affidavit), ¶¶ 3, 6.

6. The CPSD was aware of the lawsuit and its members, with the exception of Terry LaFleur and Mike Gunn, chose not to participate. *See* Second Amended Complaint, ¶¶ 9, 31, 33-34; Bergan Affidavit, ¶ 5.

7. Plaintiff Johnson and Plaintiff Hubbel were aware of the *Lederman* lawsuit and chose not to participate in the state court proceeding. *See* Second Amended Complaint, ¶¶ 29, 31, and 33.

8. At one point, the CPSD had arranged for the representation of counsel, who noticed his appearance and then withdrew from representation. *See* Docket #25, Affidavit of Ann Mines Bailey, Exhibit A.

9. An evidentiary hearing was held on August 16, 2018, where in the state court was presented with the following issues: 1. Was the CPSD properly served at the commencement of the action? 2. Should the CPSD convention nominees be certified to the 2018 general election ballot and, if so, which slate of candidates? *See* Docket #25, Affidavit of Ann Mines Bailey, Exhibit D and Transcript, 29:23-30:1 and 92:1-10.

10. The state court ruled that the CPSD was properly served. *See* Transcript, 69:2-70-7.

11. The state court further ruled that for a convention nominee to be certified there must have been a timely notice of convention filed with the Secretary of State and it must have been filed by the state party chairman. *See* Transcript, 127:8-17.

12. The state court concluded that neither of the notices of convention[*] setting the CPSD convention for August 14, 2018, were compliant with state law. *See* Transcript, 95:16 – 97:21.

13. The state court also ruled that the CPSD bylaws required that the convention be held no later than 60 days after the primary election. *See* Transcript, 98:1-12, 104:24-105:14, 124:13-14.

14. Furthermore, the state court ruled that there was no evidence in the record to support the claims that either Lora Hubbel or Lori Stacey were the state party chairman at the time they notified the Secretary of State of the August 14 CPSD conventions. *See* Transcript, 116:2-119:9, 123:20-124:23.

15. The Secretary of State was subsequently prohibited by the state court from certifying any CPSD convention nominee to the 2018 general election ballot. *See* Docket #25, Affidavit of Ann Mines Bailey, Exhibits D and E.

16. Mr. LaFleur appealed the state court decision to the South Dakota Supreme Court. His appeal was denied on September 21, 2018. *See* Docket #38, Second Affidavit of Ann Mines Bailey, Exhibit K.

Dated this 8th day of November 2018.

             MARTY J. JACKLEY
             ATTORNEY GENERAL

             */s/ Ann F. Mines Bailey*
             Ann F. Mines Bailey
             Kirsten E. Jasper
             Assistant Attorneys General
             1302 E. Highway 14, Suite 1
             Pierre, SD 57501-8501
             Telephone: (605) 773-3215
             Email: Ann.MinesBailey@state.sd.us

             *Attorneys for Defendant*

---

[*] As the Court may recall, the Office of the Secretary of State received two different notices of convention from the CPSD; one from the Hubbel faction setting the convention for 9 a.m. on August 14 and one from the Stacey faction setting the convention for 11 a.m. on August 14.

CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of November 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

      I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

G. Matt Johnson  
204 S 7th Ave.  
Brandon, SD  57005

Lora Hubbel  
4605 W Graceland Ct.  
Sioux Falls, SD  57106

Terry Lee LaFleur  
4601 E. Clark St., Apt. 8  
Sioux Falls, SD  57110

/s/ *Ann F. Mines Bailey*  
Ann F. Mines Bailey  
Assistant Attorney General

usdc_AFM G. Matt Johnson and Lora Hubbel and Terry LaFleur v. Shantel Krebs – Defendant's Response to Plaintiffs' Statement of Material Facts and Defendant's Statement of Material Facts (cm)