UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. Matt Johnson, Pro Se and | ) | |
| Lora Hubbel, Pro Se | ) | Civ. 18-4108 |
| Plaintiff, | ) | |
| vs. | ) | INTERENOR'S BRIEF IN SUPPORT |
| | ) | OF MOTION FOR SUMMARY JUDGMENT |
| Shantel Krebs, in her official capacity as | ) | AGAINST PLAINITFFS & DEFENDENTS |
| Secretary of State for South Dakota, and | ) | |
| | ) | |
| Marty Jackley, in his official capacity as | ) | |
| Attorney General of South Dakota, et al | ) | |
| Defendant(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Terry Lee LaFleur, in his official capacity | ) | |
| of candidate for Governor of the CPSD, | ) | |
| Intervenor. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMES NOW THE INTERVENOR, Dr. Terry Lee LaFleur**, appearing attorney pro se and in

his official capacity as candidate for Governor in furtherance of his FRCP § 56 Summary

Judgment Motion offers this Brief in Support of his Motion.   Intervenor hereby incorporates the

arguments set forth in Intervenors motion for Intervention as of Right under FRCP § 24, as well

all additional pleadings, and all exhibits submitted for the Court's consideration.   The

Intervenor herein states the following:

1.

**STANDARD OF REVIEW**

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Estate of Johnson v. Weber*, 785 F.3d 267, 271 (8 Cir. 2015) (citing FRCP § 56(a))." Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011) (citing Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003)). "A party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (citing FRCP § 56(e)). The mere existence of same alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. At 247-248. A fact is said to be material only when the substantive law has identified a fact as one that may affect the outcome of the case. *Id*. At 248.

**STATEMENT OF THE FACTS**

The defendant asserts that this Court lacks jurisdiction to hear this case as set forth in Defendant's Motion to Dismiss. *See* Dockets 20 and 37. Intervenor does not have a copy of defendants' Motion to Dismiss. In their motion, the plaintiffs assert their constitutional rights have been violated by the lawsuit instituted in state court, see *Lederman v. Krebs, et al*, 32 CIV 18-147. As pertaining to Hubbel and Johnson, this Intervenor agrees that they do not have

2.

Article III standing to sue herein.  The defendant asserts herein that Hubbel and Johnson had

actual notice but felt it unnecessary to make an appearance.  Even this Intervenor attempted to

join these individuals as interested parties, but the state court wouldn't allow it.  See Transcript

page 64-65, lines 1-25.  The Intervenor made a limited intervention addressing only two issues.

(1) Who was the legal Chairman of the "Constitution Party of South Dakota;" hereinafter

referred to as "CPSD"; and (2) Did the state Court have proper service of process over the

Respondent, the "CPSD?"

### Who is the Legally Recognized Chairman of CPSD?

The Intervenor calls the court's attention to the historical document records in this case

going back to 2012.  In the election year 2012, Lori Stacey was duly elected as the Chairman of

the "CPSD."  Ms. Stacey took it upon herself to file the requisite SDCL § 12-27-6 Statement of

Organization updating the previous filings.  A great deal of dispute has been brought up

concerning the applicability of this document to the merits of this case.  In *Dan Lederman v.*

*Krebs et al*, Civ. 18-147, both the State and counsel for Petitioner accepted this 12-27-6

document into the record as the Statement of Organization filed by Ms. Stacey on February 6,

2017.  This was a mid-term update notifying Krebs that Ms. Hubbel resigned.

Intervenor also offered for the court's consideration Exh. "E" attached to "Intervenors

Response with Exhibits and Motion for Judicial Notice."  This illustrates the record history of

every statement of organization filed by new central committee members, both in

3.

election years and midterm appointments. No where do Lora Hubbel, Joel Bergan or Gordon Howie appear recorded here. Until the SDCL § 12-27-6 Statement of Organizations are filed, no official notice has been given to Shantel Krebs, in her official capacity as Secretary of State of South Dakota. I respectfully ask this Court to take Judicial Notice of this record and that only Ms. Stacey and Mr. Mike Gunn are listed herein. *Also see*, Transcript page 42, lines 1-25; pg. 52, lines 5-12. Filed and received. Notice Both Ms. Stacey and Mr. Gunn checked the Statewide Party box. *See* Exhs. 2a, 2b, 2c, 2d).

On July 11, 2016 Lora Hubbel was in fact elected as Chairman of the "CPSD." And although it may be a task assignable to the sitting Secretary (i.e. Kurt Evans) to file any document upon request of the then Chairman (i.e. Lora Hubbel) it is not a mandatory duty. As the historical record indicates, all previous Chairman of the "CPSD" took it upon themselves to file their own statement of organization to update previous filings. See Exh. E. On February 6, 2017 Lora Hubbel officially resigned in writing as the Chairman of the "CPSD." Ms. Hubbel went a huge step further by completely leaving the "CPSD" and running for Governor of South Dakota on the Republican ticket. A fact plead by Mr. Jackley. These documents are also filed in Shantel Krebs database and are public records. That means that Shantel Krebs, in her official capacity as Secretary of State had actual notice that Ms. Hubbel had resigned as Chairman of the "CPSD" sometime shortly after February 6, 2017. It's also true that Ms. Hubbel was running for state senate contemporaneously with her petition drive for governor. This Intervenor also filed an official statement of organization as candidate for Governor in 2016. Ms. Hubbel failed

4.

to turn in her petitions for nomination for Governor.  She did submit enough nomination signatures to get her name on the June 5, 2018 Primary Ballot as candidate for Senator of SD.

On June 5, 2018 Ms. Hubbel was unsuccessful in her bid for the November Senate race. Thereafter, Ms. Hubbel attempted to jumped back into the "CPSD" and announced her intent to run for candidate for Governor on the "CPSD" ticket sometime in late June 2018.

On or about April 15, 2018 Lori Stacey, in her official capacity as Chairman of the "CPSD" gave statutory notice to Shantel Krebs, in her official capacity as Secretary of State that Ms. Stacey was calling a statewide Convention of the "CPSD" to be held here in Sioux Falls, SD, at the American Legion Hall Post #15 on July 14, 2018.  Ms. Stacey publicized the Convention Notice in the Argus Leader, a statewide News Paper.  Shantel Krebs officially accepted Ms. Stacey's calling of said Convention.

On July 12, 2018, Ms. Hubbel and company met in a secret meeting in Rapid City, SD.  It was in this meeting that a "group of movers and shakers" (see Ext. 5) entered into a conspiracy between Ms. Hubbel, Gordan Howie, Joel Bergan, Matt Johnson, Tara Valiski (sic), Frank Fluckiger, Marilee Roose and last but not least Shantel Krebs and Dan Lederman to hostilely remove Ms. Stacey as the rightful Chairman of the "CPSD."  *See* Exh. 6.  In order to do this, they needed the help of Frank Fluckiger and Marilee Roose.   See Exh 1a. and 1b.  Frank and Marilee are Utah residents.

On July 13, 2018, Ms. Hubbel and Joel Bergan called another secret meeting to be held at the Flying J here in Sioux Falls, SD.  Attending this meeting was this Intervenor, Joel Bergan,

Paula Bergan, Ms. Hubbel, and Mr. Matt Johnson. Ms. Hubbel and Mr. Bergan wanted this Intervenor to help them oust Ms. Stacey from her Chairman's position. To do this, they intended to ask her to step down because of several allegations enumerated in Exh. 1a and 1b attached hereto. Ms. Stacey and Mr. Fluckiger are sworn enemies. Actions were and still are afoot to have Mr. Fluckiger removed from office in November 2018 at our party's National Convention in Texas. This Intervenor refused to have anything to do with Ms. Hubbel's scheme. A telephone call was made to Mr. Fluckiger and the result of that open mic conversation you see here. Consequently, the National & Regional Committees of the National Constitution Party investigated these allegations and found no merit in them. Ms. Stacey was exonerated. In fact, the investigative committees instructed Mr. Fluckiger to write an apology to Ms. Stacey and copy in Shantel Krebs instructing Ms. Krebs to recognize Ms. Stacey as the "CPSD" Chairman, and immediately recognize Ms. Stacey's calling of our Convention on August 14, 2018. Mr. Fluckiger didn't comply with their request. Ms. Stacey has been a legal resident here in SD for eleven years, all the while working to successfully gain Ballot Access for the "CPSD" since she arrived. Ms. Stacey has motor vehicles licensed in SD, received her mail at an address in Brandon, SD. Ms. Stacey has been a tax payer and registered voter at all times relevant and material to the federal lawsuit and subsequent calling of the Statewide Convention in SD on July 14th and August 14, 2018.

Since February 2015, Ms. Stacey has been a co-plaintiff in an ongoing federal lawsuit filed here in the Eighth Circuit Federal Court. In the early Spring of 2018, Judge Karen Schreier of this Eighth Circuit entered a Judgment and Order striking down four state statutes as being

6.

overly burdensome to Political Third Parties.  One part of this order involved the right to nominate and vote for candidates at our Statewide Convention.  The "CPSD" had already secured Ballot access as a viable party here in SD by submitting more then 8,000 signatures. Now, after a long and arduous legal fight, Ms. Stacey and the "CPSD" were going to realize an eleven-year dream, "Statewide Ballot access for Gubernatorial candidates for the first time in 26 years."  *See* Transcript page 25, Lines 9-25).  This was all destroyed by Ms. Hubbel & Friends!

On July 14, 2018 a second secret meeting was called at the Flying J.  Attending was again this Intervenor, Joel & Paula Bergan, Ms. Hubbel, Matt Johnson, Tara Valiski (sic), Janette McIntyre and a friend.  This meeting was very solemn.  Ms. Hubbel was going to call for a vote of no confidence because Ms. Stacey had a stroke three weeks prior to the convention.  A brief party meeting was planned immediately before the Convention that was scheduled to start at 3:00 p.m. today.  This Intervenor and Mr. Bergan argued that we should get all our statewide candidates nominated and elected at the Convention first and if Ms. Hubbel wanted to challenge Ms. Stacey's authority as Chairman it should be at the scheduled meeting to follow the Convention.  However, Ms. Hubbel didn't want any of that idea.  The meeting adjourned.

At the Legion Hall, people were arriving, and we were preparing to get started. Currently attending were Mr. & Mrs. Joel Bergan, Mr. & Mrs. Bob Prentice, Mr. & Mrs. John Fitzgerald and a friend, Gordon Howie & 5 friends, Tara Valiski (sic) & daughter, Dr. & Mrs. LaFleur, Dr. & Mrs. Hubbel, Mr. James Bialota, Mr. & Mrs. Josh Ihnen, Mr. Clinton LaFleur, and several others.  There were 24 in all.  However, only 18 were actual "CPSD" voting members.

Ms. Stacey had drafted an agenda for her Convention.  All in attendance were to purchase a ticket.  Names tags were to be issued at the door after Mr. Bialota had confirmed the voter status via the "Vote605 App" downloaded off the Secretary of State's website.   Non-party members could sit in but could not vote for or run as candidates for any open office.

However, when Ms. Hubbel ousted Ms. Stacey with threats of arrest and intimidations as per Mr. Fluckiger's letter, Ms. Stacey was advised not attend her own Convention.  One of the requisites Ms. Hubbel and Mr. Fluckiger placed on Ms. Stacey was that Ms. Stacey was required to read that letter from Frank aloud before the entire delegation at the Convention. Ms. Stacey's attorney, the same attorney who prosecuted the federal lawsuit was with Ms. Stacey and was scheduled to give a speech at the invocation portion of our convention.  Ms. Stacey was advised not to read the letter if she was innocent, so she was forced to stay away. What Ms. Hubbel did here was essentially commit a misdemeanor crime.  *SEE* SDCL codified laws "Interfering with a Person's Right to Vote."

Additionally, as the Convention started, Ms. Hubbel stood in the middle of the delegation floor and showed everyone a voter registration form.  Ms. Hubbel said, "this is a voter registration form, if you're here today and you're not a "CPSD" member, you can fill one of these out and we will submit them for you.  However, newly registered members cannot vote or run for office here today.'"  Clearly Ms. Hubbel's statements indicated that she was aware that all in attendance who wish to vote for or run for office had to show proof that they were registered voters of the "CPSD."

8.

Mr. James Bialota was and is our Central Committee Secretary.  Mr. Bialota was appointed by Ms. Stacey when Kurt Evans vacated his seat as Secretary of the "CPSD" and joined the Libertarian Party of South Dakota as candidate for Governor in 2018.  As you know, Mr. Evans beat C.J. Abernathy in their Convention and ran for Governor on November 6. 2018. Mr. Evans received 2.3% of the votes cast.  The Intervenor also reminds the Court that the petitioner in *Lederman vs. Krebs et al,* had also tried to scuttle the Democrats Convention results and the Libertarian Party Convention results as well.  Are all these political shenanigans a mere coincidence?  Intervenor does not believe so.  In fact, this Intervenor has documentary evidence proving that Shantel Krebs aided and abetted Ms. Hubbel and Mr. Howie to attempt to hijack the "CPSD" Convention, a plan that was not only supported by Mr. Lederman but was orchestrated by him.  *See* Exh. A1 & A2 attached in Intervenor's Response with Exhibits.  As you can read, Mr. Lederman and Ms. Krebs were working together to prevent any candidate from the "SDCP" from being placed on the Ballot in November.  However, if you google search or run a record check on the Secretary of State's website, no such political party exists in SD.  A fact that Justin L. Bell admitted at the hearing in Pierre, SD on August 16, 2018.  *See Lederman vs. Krebs et al*, transcript page 11, lines 1-14.  I'm doubtful as to the character of this transcript because it is missing portions.  The admission on the part of Mr. Bell does not appear to be in the transcript, but he did in fact say it.  Mr. Gunn was there when he said it.  Ms. Hubbel called a second Convention as Chairman of the South Dakota Constitution Party.  *See* Exh. 3.

The first thing Ms. Hubbel did was distribute campaign paraphernalia to every table on the delegation floor.  This Intervenor quietly objected and demanded it be removed.  There was

9.

a discussion to eject Ms. Hubbel from the Convention.  This is another violation of state law and By-Laws.  Ms. Hubbel, Mr. Howie and Mr. Bergan continually gathered sidebar.  The first such sidebar concerned Ms. Hubbel's status as a registered "CPSD" voter.  You see Mr. Bialota tried to do his job as Secretary of the Convention.  Mr. Bialota was charged with vetting the "CPSD" members.  To do this Mr. Bialota circulated a notebook requesting everyone sign their name, state their address, and indicate if they are CP or not (i.e. yes or no).  *See* Exh. 7.  Only 18 of the 24 were registered "CPSD" at the time of the Convention.  Five of the friends who came with Mr. Howie were not registered CP.  And Ms. Hubbel was still registered Republican according to the "Vote605 App."  After their sidebar, Ms. Hubbel ordered the Sergeant of Arms to remove Mr. Bialota from the premises. See Exh. 10.  An immediate objected was made.  If Mr. Bialota is removed the Convention cannot go forward, so Ms. Hubbel called another sidebar.

The second sidebar concerned Ms. Hubbel's voter registration status too.  After their sidebar, Ms. Hubbel made a motion to allow her to amend the By-Laws allowing Ms. Hubbel to sign an affidavit swearing that she had registered "CPSD" but she couldn't prove it at the door.

The last sidebar concerned the Convention.  After the sidebar, Mr. Bergan came up to the podium and announced that he was resigning as the Chairman of the Convention.  Not ten minutes earlier Ms. Hubbel was advised that replacing Convention Committee Members is not allowed and will result in suspension of the Convention.  Joel moved to nominate Mr. Howie as the Convention Chairman.  Every motion was voted on by 19 delegates.  Eleven to eight every time.  Six out of the eleven votes were illegal delegates because they're not registered

10.

"CPSD" voters, including Ms. Hubbel.  That means that the nays carried every motion.  It was

eight to five on all motions, including the motion to suspend the Convention.  Mr. Howie took

the podium and suspended the Convention with an eleven to eight vote.  Everyone left except

Mr. Bialota, Dr. & Mrs. LaFleur, Mr. & Mrs. Josh Ihnen, Tara Valiski (sic) & daughter, and Mr.

Clinton LaFleur.  None of these many witnesses have yet to take the witness stand and testify

under oath.

On July 15, 2018 Ms. Stacey filed according to SDCL § 12-5-17 a second Convention call

with Shantel Krebs.  This notice was received by Krebs 31 days prior to August 14, 2018 which

substantially complied with the 30-day rule.  Ms. Stacey also published a News Paper notice

two weeks prior to August 14, 2018 and received an Affidavit from the Argus Leader.  Thus Ms.

Stacey also substantially complied with the Public Notice Rule.  *See* Exh. 4.

On July 17, 2018 Mr. Howie telephoned Mr. Bialota asking for a meeting.  Mr. Bialota

and Mr. Howie met at a local restaurant in Rapid City, SD.  Mr. Howie asked Mr. Bialota to

return the 15 documents lost by Ms. Hubbel, along with any copies thereof; if Mr. Bialota

complied, he could name his price.  Mr. Bialota could have any seat on the "SDCP" Central

Committee, or he could have any political office he wanted.  Mr. Bialota declined Mr. Howie's

offer of course.  This was "Attempted Bribery" a felony.  Because this was a continuation of

their original conspiracy between Hubbel, Frank Fluckiger and Marilee Roose, it became a

federal felony.  To date nothing has been done about this coup or their crimes.

11.

**Did the State Court Have Service of Process over the CPSD?**

Under SDCL § 4 a civil lawsuit is commenced by serving a summons, or a summons and complaint upon the interested parties therein. It can be served with a Demand for a Jury Trial, or other pleadings associated with the case. Once proper service has been made by the Sheriff or other authorized party, the lawsuit begins. Return of service is then filed in the appropriate court clerk's office.

On or about August 1, 2018 the Republican Party of South Dakota caused to be filed a Writ of Prohibition. The original petition named only Shantel Krebs as the Respondent. According to the court records from both the State case and this federal lawsuit, the "CPSD" was not added as a Respondent until August 3, 2018.

However, the return of service indicates that the "CPSD" (i.e. Joel Bergan) was served on August 1, 2018 the day the case was filed by Petitioner Dan Lederman; and that the return of service was filed on July 2, 2018 a month before the lawsuit was filed. *See* Exh. 8.

In accordance with SDCL § 5 service upon a corporate entity can be accomplished by serving a member of the board of directors, or by leaving a copy of the summons at their central place of business. In *Lederman vs. Krebs et al*, service of the "CPSD" was allegedly made upon Paula Bergan at her principle place of residence in Arlington, SD on August 1, 2018.

In *G. Johnson and Lora Hubbel vs. Krebs et al*, the Court and counsel for the Attorney Generals office verified that the Respondent "CPSD" was not added as a party to the lawsuit

12.

until August 3, 2018 by amended complaint. No one can be a party to a lawsuit unless they are named as such prior to service.

On July 17, 2018 Joel Bergan automatically resigned from his Vice-Chairman seat and accepted the posthumous appointment as Chairman of the "SDCP" by Frank Fluckiger and Shantel Krebs. *See* Exh. D attached to Intervenors Response with Exhibits. Later that day Ms. Stacey appointed Mr. Gunn as Vice-Chairman of the "CPSD" and noticed Shantel Krebs.

On July 21, 2018 Mr. Bergan called a secret meeting in Chamberlain, SD wherein Mr. Bergan appointed Mr. Howie as Vice-Chair and then Mr. Bergan resigned as Chairman of the "SDCP." Allegedly, Ms. Krebs instructed Mr. Howie to not file his SDCL § 12-27-6 Statement of Organization. According to the records he complied with Ms. Krebs instructions. *See* Exh. E attached to Intervenors Response with Exhibits, etc... Not on July 22, 2018 or any other date thereafter was Joel Bergan a member of either Committee for the "CPSD" or the "SDCP" parties. Letters of resignation are not required to be filed with the Secretary of State because the notice comes in the form of a filing of SDCL § 12-27-6 Statement of Organization.

According to Ms. Hubbel's timeline everything she says is the truth. However, if you can't trust the messenger, you can't trust the message. Everything the Intervenor says is backed up by tangible evidence, many of which are self-authenticating.

Any way you cut it, Joel Bergan was out of the loop. Joel calls it, "out from under the bus!" Joel Bergan even admitted in a recorded conversation that he had resigned on July 21, 2018, but Ms. Hubbel failed to send his letter of resignation to Ms. Krebs. And as stated above,

13.

no statement of organization was ever filed by Mr. Bergan.

Additionally, after Mr. Bergan appointed Mr. Howie as Vice-Chair, Mr. Bergan resigned. Then Mr. Howie ascended via Robert's Rules to the Chairman of the "SDCP." Mr. Howie alleges in their summary judgment pleading that Ms. Krebs told him not to file his SDCL § 12-27-6 Statement of Organization. If all these people are not co-conspirators in the coup of the "CPSD" Convention, then why would Mr. Howie even entertain Ms. Krebs advice (i.e. legal advice) to hold off filing his Statement of Organization?

On August 14, 2018 two conventions were held in Pierre, SD. One at the Ramada Inn and one at the Governor's Inn. It's ironic that the "CPSD" convention was held at the Governor's Inn.

Chairman Mike Gunn certified the "CPSD" ticket to the Secretary of State's office first. That ticket consisted of Dr. Terry Lee LaFleur as candidate for Governor, and Rick Gortmaker as candidate for Lt. Governor. Also, on the ticket is Mike Gunn as candidate for the Public Utilities Commissioner.

Later that same day, Mr. Bergan vetted the ticket for the "SDCP" to the Secretary of State's office. That ticket consisted of Ms. Lora Hubbel as candidate for Governor, and "Candidate" for candidate for Lt. Governor. We are not certain when that ticket was amended wherein Tara Valiski's (sic) name was added.

14.

## ARGUMENT

### Does the Plaintiffs or the Intervenor have Article III Standing?

No, the plaintiffs do not have Article III Standing in this case at bar.  Yes, the Intervenor has Article III standing in this case at bar.  Article III standing arises either by being a real party of interest in the subject matter of the case under FRCP §§ 4 and 5; or by joinder as a necessary party under FRCP Rules 19, 20, or 24.  In *Parker vs. Hardy*, 41 N.W.2d 555 (190) the Court held that "The rule is founded on the principle that the wrongful act was single and indivisible, and gives rise to but one liability... , the splitting of causes of action is avoided and the wrongdoer is not subject to a multiplicity of suits."

Here, Intervenor filed a Motion to Intervene as of Right under FRCP § 24 as a real party of interest in that he has both a property right interest; and failure to allow joinder could result in collateral estoppel and res judicata issues.  This Court allowed Intervenor to be joined under Rule 19 and/or 20.

In *Lederman vs. Krebs et al*, Intervenor also filed a Motion for Intervention as of Right, and that motion was sustained by the state court.  Intervenor appeared to determine two issues: (1) Who the legal Chairman of the "CPSD" really is; and (2) Did the state court have proper service of process over the Respondent "CPSD?"      In *Krebs et al*, which is the subject matter of this case, no additional genuine issues of material fact were addressed pertaining to Intervenor.  Intervenor appeared to protect only his real party interests as a candidate for Governor.  The "CPSD" had no one appearing for their interests because Ms. Stacey was not

15.

served.  I Mr. Lederman believed that neither Ms. Hubbel or Ms. Stacey were legally the Chairman of "CPSD" than maybe Mr. Lederman should have served both alleged Chairman.  But Ms. Krebs instructed Ms. Hubbel, Mr. Howie to stay away.

## CONCLUSION

Under FRCP § 38 Intervenor has filed a Demand for Jury Trial.  This Demand for Jury Trial was filed within 14 days of the most recent pleading by Ms. Hubbel.  Therefore, all questions of fact going to the merits of the case must be tried to a jury.  As for the plaintiffs named above, neither Ms. Hubbel or Mr. Johnson have Article III standing for two reasons.  (1)  In *Lederman vs. Krebs et al*, the state court held that Ms. Hubbel and Mr. Johnson had notice of the state lawsuit and neither of them felt compelled to make an appearance.  Moreover, if the state court had sustained Intervenor's Motion for joinder of necessary parties, the Intervenor would be entitled to default judgment over Ms. Hubbel for failure to appear.  As for Ms. Hubbel, she refused service via certified mail.  Several attempts were made to serve her.  The documents were returned to sender in September 2018.  Initial service was on August 7, 2018. *See* Exh. 9. Intervenor offers this exhibit as evidence going to actual notice by Ms. Hubbel.  Gordon Howie and Ms. Krebs were also served.

Alternatively, if Ms. Hubbel truly believed she was the rightful Chairman why would she not make an appearance in the state case, regardless of what Ms. Krebs allegedly instructed? There can be only one "CPSD" and that party was led by Ms. Stacey and now by Mr. Mike Gunn.

In *Libertarian Party of SD vs. Krebs et al*, the Eighth Circuit ruled in favor of the plaintiffs. Four state statutes were struck down as unconstitutional.  One involved the right to elect political candidates at our "CPSD" statewide Convention; the other involved not having to go through the nomination signature process for all third-party candidates here in SD.

In *Libertarian Party et al*, the Eighth Circuit Court Judge Karen Scheier held that "The right to vote holds a sacred place in our nation's history.  It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.'" *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Ill. State Rd. of Elections v.* Socialist *Workers Party*, 440 U.S. 173, 184 (1979)).  "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live.  Other rights, even the most basic, are illusory if the right to vote is undermined." *Williams v. Rhodes*, 393 U.S. 23, 31 (1968) (internal citation omitted).  The states hold a broad power to regulate the time, place, and manner of elections. *Green Party of Ark. vs. Martin*, 649 F.3d 675 (8th Cir. 2011) (quoting U.S. Const. Art. I, § 4, cl. 1).  But that power does not extend to the right violate an individual's fundamental right to vote or run for political office.

Intervenor's Constitutional Rights to vote and run for Governor have not only been interfered with by the plaintiffs, but also by the state courts, including the SD Supreme Court. Intervenor's due process rights have been violated in addition to his civil and political rights.

17.

As explained by the Eighth Circuit Court when analyzing Ballot access laws, the court must:

> weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contended justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on [Intervenor's] rights must be narrowly tailored and advance a compelling state interest. . .

*Burdick Id.* at 432-34.

In *Hubbel et al vs. Krebs et al*, the Court has said that issuance of a Preliminary Injunction does not pass the balancing test in *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). The balancing test as cited above is a four-prong test. Prong (1) does the Intervenor have a property right interest? The answer is Yes he does. Prong (2) does the burden placed upon the State to reprint the ballots outweigh the burden on the Intervenor's rights to vote and run for Governor here in SD? This answer is a resounding **NO!** Intervenor's fundamental right to vote is inviolable. *See Libertarian Party et al vs. Krebs et al*, (citing to *Brudick, id.* At 433-434. A burden is severe if it "operate[s] to freeze the political status quo . . . ." *Green Party of Ark. vs. Martin*, 649 F.3d 675, at 680. The Plaintiffs and Defendant here is trying to freeze the status quo by deciding who the People of South Dakota get to vote for in November 2018. Intervenor asserts here that this issue is not moot because it is subject to repetition. Intervenor also asserts that the level of review here is **strict scrutiny**. See *Green Party of Ark. v. Martin*, 649 F.3d 675 (8 Cur. 2011). Prong (3) do the voters have a right to vote for their choice of candidate? The resounding answer again is **YES**? The states hold a broad power to regulate the time, place and manner of elections. *However,* that power does not allow the State to violate a fundamental right protected under the Constitution. Just like in *Libertarian Party et al vs. Krebs*

18.

*et al*, any statute that places a severe burden on the right to vote receives strict scrutiny review. The State's interest must be narrowly tailored to advance a compelling state interest, or it's unconstitutional.  Reprinting ballots and/or early voting are not compelling by Prong 2's intended definition.  Nothing, especially a financial burden can outweigh an individual's Fundamental Rights to vote or run for political office. If a law is unconstitutional, it is unconstitutional from its inception, and it cannot be enforced.  It can be ignored entirely.

In *Lederman et al vs. Krebs et al*, Civ. 18-147 the state court held that Joel Bergan was the Chairman of the "SDCP" or alternatively, the Vice-Chairman of the "CPSD."  Neither of these findings are true.  As stated above, Mr. Bergan automatically resigned as Vice-Chairman when Ms. Krebs and Mr. Fluckiger posthumously appointed Mr. Bergan as Chairman.  Additionally, Mr. Bergan resigned as Chairman on July 21, 2018 after appointing Mr. Howie as Vice-Chairman, and then Mr. Bergan resigned in writing.  *See* Exh. E attached to Intervenor's Response with Exhibits.

According to the Secretary of States own records, Mr. Bergan was the one who certified the ticket from Ms. Hubbel's "SDCP" convention at the Ramkota.  From a legal stand point here, if Mr. Bergan resigned on July 21, 2018 he could not certify Ms. Hubbel's grocery list, let alone her convention results.  Only the legal Chairman of the "CPSD" can call and/or certify the Convention and/or the Convention results.  See *SDCL §§ 12-5-17 and 12-8 has not been amended or repealed yet*.  See Court Order entered by Judge Karen Scheier in *Libertarian Party et al. vs. Krebs et al*.

**WHEREFORE:**

The Intervenor respectfully prays this Court Grant his Motion for Summary Judgment as a matter of law in accordance with FRCP § 56 that Mr. Mike Gunn is the legal Chairman for the "CPSD."

The Intervenor respectfully requests that this case be set for jury trial if this Court should find that a genuine issue of material fact does exist.

The Intervenor prays that the "CPSD" be returned to the position it was in prior to the hostile takeover of the Republican Party and the Secretary of State.

The Intervenor respectfully prays that the Court enter and Order allowing the "CPSD" led by Mr. Mike Gunn to automatically have Ballot access in 2022 without additional petitions.

The Intervenor respectfully requests that the previous court order remain standing from the *Libertarian Party et al vs. Krebs et al* Judgment and Order.

The Intervenor respectfully requests a hearing on this issue as soon as possible.

The Intervenor requests the costs be taxed to each party respectively.

Respectfully submitted,

Dr. Terry Lee LaFleur
4601 E. Clark St. Apt. 8
Sioux Falls, SD 57110
Attorney Pro Se
(605) 413-0274

**PROOF OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served via U.S. Mail postage prepaid to each party or their attorney at their last known address on this _14th_ day of November 2018.

Dr. Terry L. LaFleur

Copy To:

| | | | |
|---|---|---|---|
| Marty Jackley | Shantel Krebs | Lora Hubbel | Matt Johnson |
| 1302 E. Hwy 14 Ste.1 | 500 E. Capital | 4605 W. Graceland Ct. | 204 S 7th Ave. |
| Pierre, SD 57501 | Pierre, SD 57501 | Sioux Falls, SD 57106 | Brandon, SD 57005 |

20.

To Lori Stacey,

We the duly elected Chair and Vicechair of the SD State Constitution Party along with Frank Fluckinger Chair of the National Party are writing you this letter in hopes of avoiding a public display of discord within the party at this critical time.

We want you to know that we acknowledge and are grateful for the positive things you have done for the party and thank you for your service.

After careful consultation With National Officers and their Parliamentary Consultant, it has come to our attention that, you can no longer function as Chair of the State Party, for several reasons which we will site below.

1. You don't currently have residency in SD, although you are a registered voter. To serve as Chair without residency is in violation of SD code and the spirit of the Party bylaws.

2. You did not have a treasurer, Under SD code and Roberts Rules you cannot be Chair, Secretary, and Treasurer at the same time. There is some concern that there may have been mis-use of funds.

3. You have not performed your duties as per the bylaws. Specifically appointing officers, calling meetings, keeping minutes, and fulfilling national commitments.

4. You filed amendments with the state that were not voted on properly.

5. Filed documents with the state clearly show Lora Hubbel as Chair and Joel Bergan as Vice Chair. You are currently the Secretary/Treasurer.

In 2016 you were relieved of your duties, honorably, when new officers were elected at Convention.

There is nothing in our bylaws about how to resign from office so Roberts rules step in, and anything in the SD code that might apply. Although Lora did express her desire to step down, this did not give you the authority to regain the chair. Under the bylaws, Joel Bergan, the Vice Chair elect, would fill the position. If he also expressed a desire to resign the Executive Committee would have had to decide who would fill the position. The State of SD has no record of a change of officers by resignation or election back to you. The 2016 Election is

Exh. "1 a"

official.

Although you have been doing some things a chair would do, at this time, you have no authority to act as Chair and will need to cease and desist. The Convention will be Chaired by Lora, Joel, or a Duly elected, by the delegates, Protem Chair. Because of the 2016 election where you were elected to the position of Secretary/Treasurer. You will need to take minutes at convention and produce a detailed treasurer's Report for the membership that day.

We are asking you to let the Convention proceed without conflict with Lora or Joel as Chair, or with a duly elected Pro tem Chair, elected by the delegates at Convention. If you care about the party and the process of representative government, you will see that this is in everyone's best interest. We would ask you to perform your duties as the Secretary/Treasurer or let us have the body elect a protem Secretary in your place. Please let us know of your intentions in this matter so that we will know how to proceed. We know this is hard for you and hope you will take the high road for the Party's sake.

Thank You for your help with this and everything,
The South Dakota Constitution Party State Chair and Vicechair
Lora Hubbel and Joel Bergan,
National Chair Frank Fluckinger

Exh. "16"



# Statement of Organization
### SDCL 12-27-6

The Treasurer for a political action committee shall file a statement of organization not later than 15 days after the date upon which the committee made contributions, received contributions, or paid expenses in excess of $500.00. However, if such activity falls within 30 days of any statewide election, the statement of organization shall be filed within 48 hours. A candidate shall file a statement of organization for a candidate campaign committee not later than 15 days after becoming a candidate (SDCL 12-27-3).

If you are intending to file with your local jurisdiction (county, school or municipality: candidate, ballot question committees and PACs) contact your local election official for the required form.

If you are submitting this Statement to the Secretary of State's office choose a **Committee Type** below.

### Committee Type (you must select one):

| | | |
|---|---|---|
| ☐ **Auxiliary Political Parties** | ☒ **Statewide Political Parties** | ☐ **Statewide Political Action Committee (PAC)** |
| ☐ **County Political Parties** | ☐ **Statewide Ballot Question Committees** | ☐ **Statewide Candidate Committees** |
| ☐ **Legislative Committees** | | |

## Committee Information
*(ALL fields required unless indicated otherwise, please print)*:

➡️ *only ONE candidate campaign committee may be organized for each candidate (SDCL 12-27-1 (3))* ⬅️

**Full Name of Committee**    Constitution Party Of South Dakota

If you are a Candidate, list your name below as it appears on your nominating petition and the office you are seeking.

Candidate Name   N/A
Office Sought     N/A
Street Address    48106 Spring Valley Place, Brandon , SD 57005
Postal Address    Same as Street Address
Committee website address *(optional)*   www.constitutionpartysd.org

**Chair**   *(Candidate can serve as Chair of their Committee)*
Name                        Lori Stacey
Daytime Telephone Number    (605) 400-3568          Evening Telephone Number   (605) 400-3568
Street Address              1508 Russell Street, #307, Sioux Falls, SD 57104
Postal Address              PO Box 88041, Sioux Falls, SD 57109
Email Address               Info@constitutionpartysd.org

☒ Check this box if **Chair is also serving as Treasurer**. If the same, you are not required to fill out Treasurer fields below.

* the Treasurer is responsible for all campaign finance reports and forms; letters and notices, sent by the Secretary of State's office, will go to the Treasurer only.

**Treaurer***
Name                        _____
Daytime Telephone Number    _____    Evening Telephone Number   _____
Street Address              _____
Postal Address              _____
Email Address               _____

Exh "2a"

**Political Action or Ballot Question Committees**: you must list the full name, street address and postal address of the organization with which the committee is connected or affiliated, **OR** if the committee is not connected or affiliated with any one organization, state the trade, profession, or primary interest of the committee.

Name of Affiliated Organization  N/A

Statement of Purpose or Goals  N/A

Street Address       N/A

Postal Address       N/A

Trade, Profession, or Primary Interest of Committee     N/A

If you are a **Ballot Question Committee**, indicate which measure the committee was involved with during the reporting period and whether the measure was supported or opposed.

Ballot Measure Number:   N/A                                    ☐ Support          ☐ Oppose

## Verification below must be SIGNED BEFORE SUBMITTING this Statement

*This statement shall be signed by the candidate and treasurer for a candidate committee and by the chair and treasurer for other political committees. The treasurer of a political committee shall file and updated statement of organization not later than fifteen days after ANY change in the information contained on this statement.*

I  Lori Stacey                                                                           (Treasurer),

I  Lori Stacey                                                                           (Chair)
certify that I have examined this report and to the best of my knowledge and believe it is true, correct and complete. I also understand that failure to timely file any statement, amendment, or correction required subjects the Treasurer responsible for filing to an administrative penalty of ten dollars (county political parties only) or fifty dollars per day for each dat that the statement remains delinquent (SDCL 12-27-29.1).

Date:   Feb  6 2017  3:55PM                              Document submitted electronically by  Lori Stacey
                                                                               *Signature of* Treasurer

Date:   Feb  6 2017  3:55PM                              Document submitted electronically by  Lori Stacey
                                                                               *Signature of* Chair

Date/Time Received:  Feb  6 2017  3:55PM

Date/Time Filed:        Feb  6 2017  3:55PM

Exh. "2b"



# Statement of Organization

SDCL 12-27-6

The Treasurer for a political committee shall file a statement of organization not later than 15 days after the date upon which the committee made contributions, received contributions, or paid expenses in excess of $500.00. However, if such activity falls within 30 days of any statewide election, the statement of organization shall be filed within 48 hours. A candidate shall file a statement of organization for a candidate campaign committee not later than 15 days after becoming a candidate (SDCL 12-27-3; 12-27-23). The treasurer of a political committee shall file an updated statement of organization not later than fifteen days after ANY change in the information on this statement.

If you are required to file with your local jurisdiction (county, school or municipality: candidate, ballot question committees and PACs) contact your local election official for the necessary form(s).

If you are submitting this Statement to the Secretary of State's office choose a **Committee Type** below.

**Committee Type** *(you must select one)*:

| | | |
|---|---|---|
| ☐ **Auxiliary Political Parties** | ☐ **Statewide Ballot Question Committees** | ☐ **Statewide Candidate Committees** |
| ☐ **County Political Parties** | ☐ **Statewide Political Action Committee (PAC)** | ☐ **Legislative Candidate Committees** |
| ☒ **Statewide Political Parties** | | |

## Committee Information
*(ALL fields required unless indicated otherwise, please print)*:

⇨ *only **ONE candidate campaign committee** may be organized for each candidate (SDCL 12-27-1 (3))* ⇦
*Exception: a candidate can have both a statewide and legislative committee.*

**Full Name of Committee**  Constitution Party Of South Dakota

Telephone Number  (605) 951-3906

Enter your name below as it appears on your nominating petition and the office you are seeking.

Candidate Name  N/A

Office Sought  N/A

Mailing Address  5905 Parakeet Place, Sioux Falls, SD 57107

Street Address  Same as Mailing Address

Committee website address *(optional)*  www.constitutionpartysd.org

**Chair**  *(Candidate can serve as Chair of their Committee)*

Name  Micheal Gunn

Telephone Number  (605) 951-3906

Mailing Address  5905 Parakeet Place, Sioux Falls, SD 57107

Street Address  Same as Mailing Address

Email Address  mgunn41.2000@gmail.com

☒  Check this box if **Chair is also serving as Treasurer**. If the same, you are not required to fill out Treasurer fields below.

*\* the Treasurer is responsible for all campaign finance reports and forms; letters and notices, sent by the Secretary of State's office, will go to the Treasurer only.*

**Treasurer\***

Name  _____

Telephone Number  _____

Mailing Address  _____

Street Address  _____

Email Address  _____

Exh. "26"

**Political Action or Ballot Question Committees (required):** You **must** include a concise statement of the committee's purpose and goals. You must also list the full name, street address and mailing address of the entity with which the committee is connected or affiliated. If the committee is not connected or affiliated with any one entity, provide the trade, profession, or primary interest of the committee.

Statement of Purpose or Goals   N/A

Name of Affiliated Organization   N/A

Mailing Address   N/A

Street Address   N/A

Trade, Profession, or Primary Interest of Committee   N/A

If you are a **Ballot Question Committee**, indicate which measure the committee was involved with during the reporting period and whether the measure was supported or opposed.

Ballot Measure Number:   N/A          ☐ Support          ☐ Oppose

## Verification below must be SIGNED BEFORE SUBMITTING this Statement

*This statement shall be signed by the candidate and treasurer for a candidate committee and by the chair and treasurer for other political committees. The treasurer of a political committee shall <u>file and updated statement of organization not later than fifteen days after ANY change</u> in the information contained on this statement.*

No person may execute this report knowing it is false in any material respect. Any violation may be subject to a civil and/or criminal penalty. Any person who, with intent to defraud, falsely makes, completes, or alters a written instrument of any kind, or passes any forged instrument of any kind is guilty of forgery. Forgery is a Class 5 felony (SDCL 22-39-36). I also understand that failure to timely file any statement, amendment, or correction required subjects the Treasurer, who is responsible for filings under SDCL 12-27, to a civil penalty of $200.00 (county political parties and auxiliary organizations, $50.00) for each violation (SDCL 12-27-29.1). Additional penalties not to exceed $250.00 could be assessed per SB 151. I also understand that failure to timely file reports or pay penalties could result in the candidate not being certified for office (SDCL 12-27-29.3).

Micheal Gunn _____ (Treasurer),

Micheal Gunn _____ (Chair)

Date:   Aug 9 2018 2:07PM               Document submitted electronically by Micheal Gunn
                                        *Signature* of Treasurer

Date:   Aug 9 2018 2:07PM               Document submitted electronically by Micheal Gunn
                                        *Signature* of Chair

Date/Time Received:  Aug 9 2018 2:07PM

Date/Time Filed:   Aug 9 2018 2:07PM

Exh. "1d"

 

**THE CONSTITUTION PARTY**

**Forging A Rebirth of FREEDOM!**

The Party of INTEGRITY, LIBERTY & PROSPERITY!   WWW.CONSTITUTIONPARTYSD.ORG

July 13, 2018

To: Madame Secretary of State of South Dakota

From: Lora Hubbel, Chair of South Dakota Constitution Party
4605 W Graceland Ct. Sioux Falls, SD 57106

Re: We will be having a Constitution Party Convention
on August 14, 2018

Where: Pierre, SD, RamKota Hotel, 920 W Sioux Ave
Pierre, SD 5750

When: Starting @ 9am

Sincerely,

Lora Hubbel

Exh. "3"

| CUSTOMER NUMBER: | 6054003568 | **Argus Leader** |
|---|---|---|
| INVOICE NUMBER: | 3067153 | P.O. Box 677349, Dallas, TX 75267-7349 |
| RUN DATES: | 7/31, 2018 | AMOUNT DUE: $24.16 pd. |

A

CONSTITUTION PARTY OF SOUTH DAKOTA
C/O MIKE GUNN
5905 PARAKEET PLACE
SIOUX FALLS, SD 57107

AFFIDAVIT OF PUBLICATION
Customer Number:     6054003568
Invoice Number:       3067153

## Argus Leader
## AFFIDAVIT OF PUBLICATION

STATE OF SOUTH DAKOTA
COUNTY OF MINNEHAHA   } ss

Sara Kruse being duly sworn, says: That The **Argus Leader** is, and
during all the times hereinafter mentioned was, a daily legal
newspaper as defined by SDCL 17-2-2.1, as amended published at
Sioux Falls, Minnehaha County, South Dakota: that affiant is and
during all of said times, was an employee of the publisher of such
newspaper and has personal knowledge of the facts stated in this
affidavit: that the notice, order or advertisement, a printed copy of
which is hereto attached, was published in said newspaper upon

| Tuesday | , the | 31 | day of | July | 2018 . |
|---|---|---|---|---|---|
| | , the | | day of | | 2018 . |
| | , the | | day of | | 2018 . |
| | , the | | day of | | 2018 . |
| | , the | | day of | | 2018 . |
| | , the | | day of | | 2018 . |

and that     $24.16 pd.     was charged for publishing the same.

Subscribed and sworn to before me         7/31/18

Notary Public, South Dakota

My Commission expires March 11, 2022

Notice of Second State Con-
vention of the Constitution
Party of South Dakota
All CP members and the
public are invited to attend.
It will be held on August 14,
2018 at the Governor's Inn,
700 W. Sioux Avenue in
Pierre starting at 11:00am.
There is no charge to at-
tend. RSVP should be sent
to info@constitutionpartysd.
org
All those disrupting the first
state convention will not be
allowed to attend. Anyone
attempting disruption of of-
ficial party business will be
promptly escorted out of
convention.
Paid for by Constitution
Party of South Dakota. Not
authorized by any candidate
or candidate Committee.
3067153      July 31, 2018

BETTY GATES
NOTARY PUBLIC
SEAL   SOUTH DAKOTA   SEAL


Exh. "4"

wants parliamentary clarification it is found under Remedies against misconduct or dereliction of duty in office about line 35, p 642 or so. It has to do with the word, "or"

Ok, look at the attachments for  Convention and call or email if you have questions hope this helps. If you have a parliamentarian for the Convention that would also be helpful.

Marilee

Sent from Mail for Windows 10

---

**From:** Lora Hubbel <lorahubbel@yahoo.com>
**Sent:** Thursday, July 12, 2018 7:14:57 PM
**To:** MARILEE ROOSE
**Subject:** Re: RE: To Marilee Roose: SD CP Bylaws and amendments

Thanks Marilee, a group of movers and shakers are meeting right now in Rapid City and planning to come to the convention
.... Lora

Lora Hubbel, 605-521-9504,

Great American Homes

510 W 24th St, Ste 2, Sioux Falls, SD 57106

Exh. "5"

"It cannot be emphasized too clearly and too often that this nation was founded, not by religionists, but by Christians; not on religion, but on the gospel of Jesus Christ. For this very reason, peoples of other faiths have been afforded asylum, prosperity, and freedom of worship here." [Patrick Henry, May 1765 Speech to the House of Burgesses]

On Thursday, July 12, 2018, 3:04:08 PM CDT, MARILEE ROOSE <crmrfamily@msn.com> wrote:

After review of the official documents here is my official opinion of the matter.

Lori is not the Chair and has not been since the Convention in 2016.

As per the official documents filed with the State, Lora Hubbel is the Chair, Joel Bergan is the Vicechair, and Lori is the Secretary /Treasurer.

Under the current bylaws, even if Lora and Joel both resigned Lori would still not be the Chair unless this section of the bylaws was enforced.

If offices of both the State Chairman and State vice Chairman become vacant, a meeting of the Executive Committee shall be called by the next ranking officer to choose successors.

If that was done then the State of SD would have a filing to reflect it and they don't.

Lori is not the Chair.

That being cleared up. I would proceed with the Convention with Lora Hubbel as Chair she can under Roberts call a protem Chair to preside over the meeting, it is her call.

Lori needs to fulfill her duties as Secretary /Treasurer as stated in the letter attached. Until the Chair's report at which time a new secretary can be selected

Having Lori in this position is not going to work.

There is no easy way to get her out. It has to be done at Convention.

A delegate will need to move to rescind her election, for cause, and then a new Secretary and Treasurer will need to be appointed.

Lori is not a delegate at the Convention but she is a member of the Central Committee until she is not an officer. As per this section of your bylaws

Exh. "b"

Article VII SELECTION OF DELEGATES TO COI-INTY. STATE. AND NATIONAL CONVENTIONS

Exh. "1"

| Name | Address | CP voting |
|------|---------|-----------|
| G. Matt Johnson | 204 S. 7th Ave Brandon SD. | member yes |
| Paula Bergan | 20076 450th Ave Arlington, SD | member yes |
| Kim Johnson | 813 S. Garfield Ave SFSD 57104 | yes |
| Tim Hubbel | 4605 W. Graceland Ct. SFSD 57106 | yes |
| Gary Coe | 108 Fairview Ave. Lead S.D 57754 | No |
| Sandee Coe | " " " | NO |
| Mary Fitzgerald | 11212 196th St Saint Onge, SD 57779 | No |
| Kenneth W. Olsen | Box 362 Huron SD 57350 | NO |
| Barbara Landers | 5400 Hidden Valley La, RC 57702 | |
| (Friendly Observer) | | |
| Janette McIntyre | 3515 Park Drive RC 57702 | yes |
| Vicki L. Prentice | 410 Wessington St. SD Wessington SD 57381 | |
| Scott Prentice | 410 Wessington St S Wessington, SD 57381 | |
| Josh Ihnen | 206 N. French Ave. Sioux Falls SD 57103 | YES |
| Stephanie Ihnen | 206 N. French Ave Sioux Falls SD 57103 | yes |
| Clinton LaFleur | 4601 E. Clark St Apt. 8 Sioux Falls, SD 57103 | yes |
| Lori LaFleur | 4601 E. Clark St. Apt. 8 Sioux Falls, SD 57103 | yes |
| Charles Sapp | 46375 206th St. Bruce, SD 57220 | |
| Terry LaFleur | 4601 E Clark St. Apt 8 Sioux Falls, SD 57103 | yes |
| Anthony Boyer | 1100 S. Western Ave Sioux Falls, SD 57105 | |
| TARA VOLESKY | 404 HOMER CT. #4 Mitchell, SD 57301 | |
| James Bialota | 1502 Downing St RC SD 57701 | yes |
| Joel Bergan | 20076 450th Ave Arlington, SD 57212 | yes |

## SHERIFF'S RETURN
### AND DAY BOOK ENTRY

*32 CIV 18-000147*

**10307**

### STATE OF SOUTH DAKOTA, COUNTY OF KINGSBURY, SS.

I, the undersigned, sheriff within and for the said County of Kingsbury, hereby certify and return; that on the **1st** day of **August**, 20**18**, in said county and state, I did then and there serve the annexed **Notice of Hearing; Amended Application of Writ Prohibition**

on **Joel Bergen** the **party** named therein, by then and there delivering to and leaving with **him** a full, true and correct copy thereof.

| SHERIFF'S FEES | | ENTRY |
|---|---|---|
| Summons | $_____ | Dan Lederman |
| Garnishee Summons | $_____ | Plaintiff. |
| Complaint | $_____ | -vs- |
| Affidavit | $_____ | Shantell Krebs |
| Warrant of Attachment | $_____ | Defendant. |
| Notice | $ 50.00 | May, Adam, Gerdes and Thompson LLP |
| Order | $_____ | ATTORNEY RECEIVED FROM |
| Petition | $_____ | 503 S Pierre St PO Box 160 Pierre, SD |
| Levy | $_____ | ATTORNEY'S ADDRESS |
| Subpoena | $_____ | |
| Undertaking | $_____ | 8-1-18   8-1-18   8-2-18 |
| Demand | $_____ | DATE RECEIVED  DATE SERVED  DATE RETURNED |
| Execution............................ | $_____ | Notice of Hearing; Amended Application |
| Other.................................. | $_____ | KIND OF PROCESS |
| ........................Copies | $_____ | Sixth JC |
| Mileage ......48 mi........ | $   24.00 | IN WHAT COURT |
| **Total Fees** | $   74.00 | Steven Strande |
| | | BY WHOM SERVED |
| | | Paula Bergen - wife |
| | | UPON WHOM PAPERS WERE SERVED |

Dated at DeSmet, South Dakota, this **2nd** day of **July**, 20**18**

_Steven A. Strande_ 40-14   By _____

Steven A. Strande Sheriff of Kingsbury County                    Deputy

*Exh. "8"*

McLEOD'S—58887

**Filed: 8/7/2018 11:41 AM CST   Hughes County, South Dakota      32CIV18-000147**

- Attach this card to the back of the mailpiece, or on the front if space permits.

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

Lora Hubbel
4605 W. Graceland Ct.
Sioux Falls, SD 57106

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4111 8092 8466 13

3. Service Type
☐ Adult Signature                ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery    ☐ Registered Mail™
☒ Certified Mail®                ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery    ☐ Return Receipt for Merchandise
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation™
          Mail                  ☐ Signature Confirmation Restricted Delivery
          Mail Restricted Delivery

2. Article Number (Transfer from service label)

7018 1130 0000 6968 0323

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt







7018 1130 0000 6968 0323

NIXIE    571 DB 3055-1N
RETURN TO SENDER
UNABLE TO FORWARD
RETURN TO SENDER
08/24/18

Exh. "q"

$7.83

I make a motion for Tames Biolato be removed for being disruptive + we replace him with Paula Biglan

is there a second

Exh. "10"