UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ. 18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) ) | DEFENDANT'S RESPONSE TO INTERVENOR PLAINTIFF'S |
| TERRY LEE LaFLEUR, | ) ) | MOTION FOR SUMMARY JUDGMENT |
| Intervenor Plaintiff, | ) ) | |
| v. | ) ) | |
| SHANTEL KREBS, Secretary of State, in her official capacity, | ) ) ) | |
| Defendant. | ) ) | |

Comes now Defendant, Shantel Krebs in her official capacity, by and through the undersigned counsel, and submits the following response in opposition to Plaintiff Intervenor's Motion for Summary Judgment. Defendant hereby incorporates those arguments set forth in Defendant's Motion to Dismiss. Dockets 23 and 37.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Estate of Johnson v. Weber*, 785 F.3d 267, 271 (8th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th

Cir. 2011) (citing *Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003)).  "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48.  A fact is said to be material only when the substantive law has identified a fact as one that may affect the outcome of the case.  *Id.* at 248.

## ARGUMENT

A.     Preclusion

Defendant first asserts that this Court is deprived of jurisdiction as set forth in Defendant's Motion to Dismiss.  *See* Dockets 20 and 37.  In his motion, Plaintiff Intervenor asserts that his constitutional rights have been violated by the lawsuit instituted in state court, *Lederman v. Krebs, et al*, 32 CIV 18-000147.  In that action, Mr. Lederman applied for a writ of prohibition seeking a court order that the Secretary of State could not certify any candidate nominated by convention for the Constitution Party of South Dakota (CPSD).  The state court, after taking evidence and argument, ruled that the CPSD convention was held in contravention of not only state statute but also the CPSD bylaws.  As noted by Plaintiff Intervenor, he was aware of that action, moved to intervene, was granted party status, and raised the issues of whether the CPSD had been properly served and who was the legitimate chair of the CPSD.  *See* Docket 47, pp. 3 and 15.  As a party to the underlying state court action which focused on those same issues

2

presented in this action, Plaintiff Intervenor is barred from pursuing these claims under the doctrine of issue preclusion or collateral estoppel. Issue preclusion "bars 'a point that was actually and directly in issue in a former action and was judicially passed upon and determined by a domestic court of competent jurisdiction.'" *Nemec v. Goeman*, 2012 S.D. 14, ¶ 15, 810 N.W.2d 443, 446 (quoting *Link v. L.S.I., Inc.*, 2010 S.D. 103, ¶ 36, 793 N.W.2d 44, 55). For the doctrine to apply under South Dakota law, four factors must be met:

> '(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?'

*Hamilton v. Sommers*, 2014 S.D. 76, ¶ 34, 855 N.W.2d 855, 866 (quoting *Estes v. Milea*, 464 N.W.2d 616, 618 (S.D. 1990)).

Plaintiff Intervenor was a party to the underlying state court action. *See* Docket 47, pp. 3, 15. *See also* Docket 38, Exhibit J (state court motion to intervene); Exhibit G (hereinafter referred to as Transcript), 21:21-22; Exhibit E (Amended Judgment). The issues presented included the issues presented to this Court: Was there proper service of process upon the CPSD; who held the position as the CPSD state party chairman; and could the Secretary of State certify the CPSD slate of convention candidates to the 2018 general election ballot and, if so, which slate? *See id. See also* Docket 25, Exhibit B (Application for Writ of Prohibition); Transcript, 68:13-70:7, 97:24-99:5, 104:24-105:14, 116:2-119:9. There was a final decision on the merits of these issues. *See* Docket 25, Exhibit D (Judgment) and Exhibit E (Amended Judgment). Plaintiff Intervenor further

3

appealed the state court decision to the South Dakota Supreme Court. *See* Docket 25, Exhibit F (Notice of Appeal) and Docket 38, Exhibit K (Order Dismissing Appeal). Thus, Plaintiff Intervenor had a full and fair opportunity to litigate the issues. Accordingly, each of the factors for determining whether an action is barred under the doctrine of issue preclusion has been satisfied and these claims must be dismissed.[1]

B.   *Rooker-Feldman* Doctrine

Defendant asserts that this action is barred under the *Rooker-Feldman* doctrine. As noted in Defendant's Motion to Dismiss, the *Rooker-Feldman* doctrine applies when three requirements are met: "(1) The plaintiff in the federal case lost in state court; (2) The plaintiff was injured by a state-court judgment; and (3) The state-court judgment was rendered before the plaintiff commenced the federal suit." *Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005)).

As Plaintiff Intervenor notes in his motion, he was a party to the underlying state court action. *See* Docket 38, Exhibit J (state court motion to intervene); Transcript, 21:21-22; and Exhibit E (Amended Judgment). Plaintiff Intervenor asserted in the state court action that the CPSD had not been properly served, that Lori Stacey's notice of convention was proper and in accordance with state law and CPSD bylaws and, as a result of the legitimacy of Ms. Stacey's

---

[1] Moreover, while participating in the state court action, Plaintiff Intervenor had the opportunity to raise any related claims. Accordingly, the Court may find that this proceeding is barred under the doctrine of claim preclusion. *See Nemec,* 2012 S.D. 14, ¶ 16, 810 N.W.2d at 447 (citations omitted).

4

chairmanship, that his name should be certified to the 2018 general election ballot as CPSD gubernatorial candidate. *See* Docket 47, pp. 3 and 15. The state court found that there was no evidence that Ms. Stacey's chairmanship was legitimate[2] and that, regardless of legitimacy, the notice of convention was untimely. Transcript, 95:16- 97:16. Accordingly, the state court entered judgment prohibiting the certification of Plaintiff Intervenor's name to the 2018 general election ballot on August 17, 2018. *See* Docket 25, Exhibit D (Judgment). An Amended Judgment was entered on August 21, 2018, reflecting Plaintiff Intervenor's party status in the state court proceeding. *See* Docket 25, Exhibit E (Amended Judgment). As a result of the state court action, Plaintiff Intervenor's name was not placed on the 2018 general election ballot. Plaintiffs commenced this action on August 29, 2018. *See* Docket 1. Meanwhile, Plaintiff Intervenor appealed the state court judgment and such appeal was denied by the South Dakota Supreme Court on September 21, 2018. *See* Docket 38, Exhibit K (Order Dismissing Appeal). Plaintiff Intervenor then moved for intervention on September 27, 2018. *See* Docket 31.

Based upon these undisputed facts, Plaintiff Intervenor was a losing party in the underlying state court action which resulted in an injury to him – that of not being certified as the CPSD gubernatorial candidate on the 2018 general election ballot. Further, the undisputed facts demonstrate that this action was

---

[2] Plaintiff Intervenor concedes that Lora Hubbel was elected as CPSD state party chairman on July 11, 2016. *See* Docket 47, p. 4. There is no description, however, as to how Ms. Stacey assumed the title from Ms. Hubbel, especially in light of the CPSD bylaws which provide for the assumption of the role of chair by the vice chair should a vacancy arise and does not provide for an appointment of the state party chair.

commenced after that loss.  Having demonstrated the satisfaction of all three requirements for application of the *Rooker-Feldman* doctrine, this matter should be dismissed.

C.     Standing

Additionally, as the Court noted in its Opinion and Order Denying Preliminary Injunctive Relief, there is a question as to whether Plaintiff Intervenor has standing to pursue these claims.  *See* Docket 33, p. 15.  As previously asserted, the right to have a convention nominee certified by the Secretary of State to the general ballot lies mainly with the recognized political party and becomes shared with the nominee only once that individual is properly nominated.  *See* SDCL §§ 12-5-21, 12-5-25, 12-5-26, and 12-8-6.  Plaintiff Intervenor was nominated to be the CPSD gubernatorial candidate at the convention noticed by Lori Stacey.  Thus, for Plaintiff Intervenor to have the requisite standing, there must have been a proper nomination.  The state court in the underlying matter found that a proper convention nomination requires a <u>timely</u> notice of convention filed with the Secretary of State by the <u>state party chairman</u> as a prerequisite for certifying convention nominees to the ballot.  *See* Transcript, 102:24-103:24.  The state court further found that the Lori Stacey notice setting the CPSD convention for August 14 was untimely and was not submitted by the state party chairman as required by state law.  This Court should refrain from conducting an appellate review of the state court's determination.  Moreover, the state court's determination provides a basis for this Court to find that Plaintiff Intervenor lacks standing as, under the findings of the state court, the CPSD was not entitled to the certification of its convention nominees and, therefore, Plaintiff Intervenor was not

6

entitled to have his name certified to the 2018 general election ballot. Accordingly, this matter should be dismissed.

D.   Merits

   1.   Service of Process

Should the Court determine to proceed to the merits with regard to the service of process issue, Defendant submits that there is no question of fact regarding service of process upon the CPSD. There was effective service of process pursuant to state law upon the CPSD during the state court proceedings. South Dakota Codified Law, section 15-6-4(d)(1) provides that effective service of process upon a business entity is accomplished by delivery of a copy of the summons and complaint upon "the president, partner or other head of the entity, officer, director, or registered agent thereof."[3]   Here, service of the summons and complaint was made upon Joel Bergan. The record reflects that Mr. Bergan was as an officer of the CPSD beginning in 2016, though there is some dispute as to what exact role he played. Further, there is no question that in July of 2018, Mr. Bergan's name had been provided to the Secretary of State's Office as an officer of, and the contact for, the CPSD. Rather, the Plaintiffs and Plaintiff Intervenor allege that, during the course of a number of "secret meetings" Mr. Bergan resigned and that the Secretary of State was not notified of his resignation. *See* Docket 47, pp. 13-14. Thus, the only individual who was publicly named as a representative of the CPSD with the Secretary of State's Office at the time the state court action was

---

[3] The underlying state court action was a writ of prohibition governed by SDCL ch. 21-30. Proceedings for writs of prohibition follow those set forth for writs of mandamus. *See* SDCL § 21-30-5. The laws pertaining to writs of mandamus apply the rules for serving a summons in a civil action unless a court orders otherwise. *See* SDCL § 21-29-6.

7

commenced was Mr. Bergan.[4] While there is clearly a dispute as to who legitimately held the title of state party chair at the time the underlying action was commenced, the petitioner in that action could not have known of "secret" meetings or of a change in officers which was not made public. The state court petitioner had a right to rely upon the information offered by CPSD to the public. *See* Transcript, 69:23-70:4.

    2.    Timeliness of Notice of Convention

With regard to the merits of the timeliness of the notices of convention, it is undisputed that Ms. Stacey filed a notice of an August 14 convention with the Secretary of State on July 15, 2018. South Dakota Codified Law, section 12-5-17 requires that notice of convention must be filed with the Secretary of State thirty days prior to the convention. While July 15, 2018, was exactly thirty days prior to the August 14 convention, it was a Sunday. South Dakota law prohibits the conducting of official business on a Sunday. *See* SDCL § 1-5-2. The July 15, 2018 notice, therefore, could not be filed until Monday, July 16, 2018, which was only twenty-nine days prior to the convention. Thus, Ms. Stacey's notice was untimely under state law.

Furthermore, the state court found that Ms. Stacey's notice was untimely under the CPSD bylaws, which require that the convention be held within sixty days of the primary election. *See* Transcript, 105:1-6. The primary election, pursuant to South Dakota law, was held on June 5, 2018. *Id.* Sixty days from the date of the primary election would be August 4, 2018. *Id.* Thus, the August 14

---

[4] Subsequent to the commencement of the action, the Secretary of State's Office received certification from Ms. Stacey that she had resigned, and that Mike Gunn had assumed the role of state party chairman.

8

CPSD convention violated the party's bylaws. Accordingly, even a review of the merits of this matter indicates that the CPSD, under Ms. Stacey's leadership, did not file a timely notice of convention. The state court's findings were justified based upon the record before it. Accordingly, these claims should be dismissed, and judgment entered in favor of Defendant.

## CONCLUSION

As previously noted, "'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *In re Athens/Alpha Gas Corp.,* 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Furthermore, as this Court has noted disputes "over political party governance generally 'is not for the courts to mediate'". *See* Docket 33, p. 18 (quoting *Democratic Party v. Wisconsin*, 450 U.S. 107, 123-24 & n.25 (1981)).

The Court is deprived of jurisdiction under the *Rooker-Feldman* doctrine and the doctrine of preclusion. Furthermore, because the right to have one's nomination certified to the general election ballot hinges on a proper nomination which requires a timely notice of convention by the state party chair and such requirements were not met, Plaintiff Intervenor lacks standing to pursue these claims. Accordingly, Defendant requests this Court dismiss the action.

Dated this 30th day of November 2018.

    MARTY J. JACKLEY
    ATTORNEY GENERAL


    /s/ *Ann F. Mines Bailey*
    Ann F. Mines Bailey
    Kirsten E. Jasper
    Assistant Attorneys General
    1302 E. Highway 14, Suite 1
    Pierre, SD  57501-8501
    Telephone: (605) 773-3215
    Ann.MinesBailey@state.sd.us
    Kirsten.Jasper@state.sd.us

    *Attorneys for Defendant*


CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of November 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

    I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

| | |
|---|---|
| G. Matt Johnson<br>204 S. 7th Ave.<br>Brandon, SD 57005 | Lora Hubbel<br>4605 W. Graceland Ct.<br>Sioux Falls, SD 57106 |
| Terry Lee LaFleur<br>4601 E. Clark St., Apt. 8<br>Sioux Falls, SD 57110 | |


    /s/ *Ann F. Mines Bailey*
    Ann F. Mines Bailey
    Assistant Attorney General


usdc_afm G. Matt Johnson et al. v. Shantel Krebs – Response to Motion for SJ (mn)