UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ. 18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) ) | DEFENDANT'S RESPONSE TO PLAINTIFF INTERVENOR'S |
| TERRY LEE LaFLEUR, | ) ) | STATEMENT OF MATERIAL FACTS AND DEFENDANT'S STATEMENT |
| Intervenor Plaintiff, | ) ) | OF MATERIAL FACTS |
| v. | ) ) | |
| SHANTEL KREBS, Secretary of State, in her official capacity, | ) ) ) | |
| Defendant. | ) | |

Comes now Defendant, Shantel Krebs in her official capacity, by and through the undersigned counsel, and submits this response, pursuant to D.S.D. L.R. 56.1, to the material facts set forth in Plaintiff Intervenor's Motion for Summary Judgment. Though the Plaintiff Intervenor's Statement of Facts are not set forth as contemplated by D.S.D. L.R. 56.1(A), Defendant will attempt to parse out the material facts asserted and provide a response. All assertions of fact not admitted hereto are opposed, even if not individually set forth below.

**Defendant's Response to Plaintiff's Material Facts**

1. South Dakota Codified Law, section 12-27-6 requires the filing of a Statement of Organization.

**Response:** Defendant admits that SDCL § 12-27-6 requires the filing of a Statement of Organization for purposes of satisfying campaign finance requirements. The Statement of Organization is recognized only for campaign finance purposes and not for any requirements imposed under SDCL ch. 12-5.

    2.    Lori Stacey submitted a Statement of Organization pursuant to SDCL § 12-27-6.

    **Response:**  Admit.

    3.    Lori Stacey's filing of a Statement of Organization on February 6, 2017, was a "mid-term update notifying Krebs that Ms. Hubbel resigned."

    **Response:**  Deny. The Statement of Organization form is used for campaign finance purposes only. It does not satisfy the requirements of SDCL § 12-5-14 which requires that the state party chairman be certified to the Secretary of State.

    4.    On July 11, 2016, Lora Hubbel was elected as chairman of the Constitution Party of South Dakota.

    **Response:**  The Secretary of State received certification on July 11, 2016, that Lora Hubbel was elected as chairman, Joel Bergan as vice chairman, and Lori Stacey as treasurer and secretary.

    5.    On February 6, 2017, Ms. Hubbel officially resigned in writing.

    **Response:**  The Secretary of State is not in possession of a written resignation; however, the Secretary of State has received an email forwarded from Lori Stacey which purports to be the resignation of Ms. Hubbel. The Secretary of State's Office did not receive that email from Ms. Stacey until 2018.

    6.    Ms. Hubbel ran for state senate and circulated a petition to seek the office of governor.

    **Response:**  Ms. Hubbel ran for the District 9 Senate seat as a Republican candidate in the June 5, 2018 primary.

    7.    Ms. Hubbel was unsuccessful in her bid for the state senate seat and returned to the CPSD party.

    **Response:**  Ms. Hubbel did not win the election for the District 9 Senate seat. At the time of the underlying state action, Ms. Hubbel was registered as a member of the CPSD.

    8.    On April 15, 2018, Lori Stacey filed a notice of convention of the CPSD to be held in Sioux Falls, SD on July 14, 2018.

    **Response:**  Admit.

9. On July 15, 2018, Lori Stacey filed a notice of convention of the CPSD to be held on August 14, 2018. "This notice was received by Krebs 31 days prior to August 14, 2018 which substantially complied with the 30-day rule." Docket 47, p. 11.

**Response:** On July 15, 2018, a Sunday, Ms. Stacey emailed a notice of convention of the CPSD to be held on August 14, 2018. July 15 is thirty days prior to August 14. However, because SDCL § 1-5-2 prohibits the transaction of official business on Sundays, the notice was not filed until Monday, July 16, 2018, twenty-nine days prior to the August 14, 2018 convention.

10. On August 1, 2018, the South Dakota Republican Party filed a writ of prohibition.

**Response:** Admit.

11. The original petition named only Shantel Krebs as the respondent.

**Response:** Admit. The writ was amended to add the CPSD which the parties agreed was a necessary party.

12. The return of service indicates that Joel Bergan was served on behalf of the CPSD on August 1, 2018; however, it is signed July 2, 2018.

**Response:** Admit. Defendant believes the July date was a scrivener's error.

13. "In accordance with SDCL § 5 service upon a corporate entity can be accomplished by serving a member of the board of directors, or by leaving a copy of the summons at their central place of business." Docket 47, p. 12.

**Response:** Deny. Service of process upon business entities is governed by SDCL § 15-6-4, which provides that service upon a business entity may be accomplished by serving "the president, partner or other head of the entity, officer, director, or registered agent thereof. If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office[.]"

14. "[T]he Court and counsel for the Attorney Generals Office verified that the Respondent "CPSD" was not added as a party to the lawsuit until August 3, 2018 by amended complaint." Docket 47, pp. 12-13.

3

**Response:**   Deny.  The application for writ of prohibition was amended on August 1, 2018, to include the CPSD as a party.  *See* Docket 25, Exhibit A.  The alternative writ of prohibition, however, was filed on August 3, 2018.

15.   On August 4, 2018, two conventions were held in Pierre, SD.

**Response:**   Admit.

## Statement of Material Facts

1.   On August 1, 2018, an action entitled *Lederman v. Krebs, et al.* was filed in the Sixth Judicial Circuit, State of South Dakota, seeking the issuance of a writ of prohibition preventing the certification of the Constitution Party of South Dakota's (CPSD) convention nominees.  *See* Docket 38, Second Affidavit of Ann Mines Bailey, Exhibit H.

2.   Prior to the commencement of the action, Joel Bergan had served on the executive committee for the CPSD.  *See* Second Amended Complaint, ¶¶ 12-14.

3.   At the time the action was filed, Joel Bergan had been certified to the Secretary of State as chairman of the CPSD and his information was listed as the contact for the CPSD.  *See* Transcript 68:13-69:69.

4.   The record reflects that Mr. Bergan was served with the application for writ of prohibition and notice of hearing.  *See id.   See also*, Docket #22, Affidavit of Joel Bergan (Bergan Affidavit), ¶¶ 3, 6.

5.   An evidentiary hearing was held on August 16, 2018, wherein the state court was presented with the following issues:  1.  Was the CPSD properly served at the commencement of the action?  2. Should the CPSD convention nominees be certified to the 2018 general election ballot and, if so, which slate of candidates?  *See* Docket #25, Affidavit of Ann Mines Bailey, Exhibit D and Transcript, 29:23-30:1 and 92:1-10.

6.   The state court ruled that the CPSD was properly served.  *See* Transcript, 69:2-70-7.

7.   The state court further ruled that for a convention nominee to be certified there must have been a timely notice of convention filed with the Secretary of State and it must have been filed by the state party chairman.  *See* Transcript, 127:8-17.

4

8. The state court concluded that neither of the notices of convention setting the CPSD convention for August 14, 2018, were compliant with state law. *See* Transcript, 95:16 – 97:21.

9. The state court also ruled that the CPSD bylaws required that the convention be held no later than 60 days after the primary election. *See* Transcript, 98:1-12, 104:24-105:14, 124:13-14.

10. Furthermore, the state court ruled that there was no evidence in the record to support the claims that either Lora Hubbel or Lori Stacey were the state party chairman at the time they notified the Secretary of State of the August 14 CPSD conventions. *See* Transcript, 116:2-119:9, 123:20-124:23.

11. The Secretary of State was subsequently prohibited from certifying any CPSD convention nominee to the 2018 general election ballot. See Docket #25, Affidavit of Ann Mines Bailey, Exhibits D and E.

12. Mr. LaFleur appealed the state court decision to the South Dakota Supreme Court. His appeal was denied on September 21, 2018. *See* Docket #38, Second Affidavit of Ann Mines Bailey, Exhibit K.

Dated this 30th day of November 2018.

        MARTY J. JACKLEY
        ATTORNEY GENERAL

        */s/ Ann F. Mines Bailey*
        Ann F. Mines Bailey
        Kirsten E. Jasper
        Assistant Attorneys General
        1302 E. Highway 14, Suite 1
        Pierre, SD  57501-8501
        Telephone: (605) 773-3215
        Ann.MinesBailey@state.sd.us
        Kirsten.Jasper@state.sd.us

        *Attorneys for Defendant*

CERTIFICATE OF SERVICE

  I hereby certify that on the 30th day of November 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

  I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

| | |
|---|---|
| G. Matt Johnson<br>204 S. 7th Ave.<br>Brandon, SD 57005 | Lora Hubbel<br>4605 W. Graceland Ct.<br>Sioux Falls, SD 57106 |

Terry Lee LaFleur
4601 E. Clark St., Apt. 8
Sioux Falls, SD 57110

                  /s/ *Ann F. Mines Bailey*
                  Ann F. Mines Bailey
                  Assistant Attorney General

usdc_afm G. Matt Johnson et al. v. Shantel Krebs – Response to Statement of Material Facts (mn)