UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| G. MATT JOHNSON, and LORA HUBBEL, <br><br> Plaintiffs, <br><br> and <br><br> TERRY LEE LAFLEUR, <br><br> Intervenor Plaintiff, <br><br> vs. <br><br> SHANTEL KREBS, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF SOUTH DAKOTA, <br><br> Defendant. | 4:18-CV-04108-RAL <br><br><br> ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

In late August of 2018, Plaintiffs G. Matt Johnson (Johnson) and Lora Hubbel (Hubbel) filed a complaint alleging that Defendant Shantel Krebs (Krebs), in her official capacity as the Secretary of State for the State of South Dakota, had improperly denied them and certain other nominees of the Constitution Party of South Dakota (CPSD) positions as candidates on the upcoming ballot in November of 2018, and allegedly had colluded with the Republican Party to keep CPSD candidates off the ballot through a state court proceeding. Plaintiffs, who are proceeding pro se, sought preliminary and permanent injunctive relief. Docs. 1, 7.

Krebs moved to dismiss on September 21, 2018, asserting that this Court lacked jurisdiction because the issues in the case are moot, the Rooker-Feldman doctrine should apply, and that issue preclusion barred the relief sought. Docs. 20, 23. Plaintiffs filed a motion for

1

summary judgment that same day, asking this Court to order Krebs to stop the early election process and include the Constitution Party's slate of candidates on the ballot. Doc. 21. Plaintiffs also asked this Court to "recognize the transfer of Party Chairmanship as detailed in the Complaint and supported by the Exhibits in the Amended Complaint." Doc. 21 at 3.

This Court set a motion hearing to occur on September 27, 2018. The day before the motion hearing, Terry Lee LaFleur (LaFleur) filed a separate complaint naming as defendants Krebs, Hubbel, Johnson and others to assert that LaFleur, instead of Hubbel, ought to be certified as the CPSD candidate for Governor of South Dakota and seeking $100 million in damages plus punitive damages and other relief. LaFleur v. Krebs, 18-CV-4125-RAL, Doc. 1.[1] On the morning of the hearing, LaFleur filed a motion to intervene as a party in this case. Doc. 31.

Johnson, Hubbel, and LaFleur appeared pro se at the hearing, and Krebs appeared through counsel. This Court granted LaFleur's motion to intervene but denied the motion for a preliminary injunction, finding that the likelihood of Johnson, Hubbel, or LaFleur succeeding on the merits was remote. Doc. 33.

In mid-October 2018, Krebs moved to stay any required response to Johnson and Hubbel's motion for summary judgment. Doc. 35. This Court denied the motion to stay, noting that this Court's order denying the motion for a preliminary injunction "may well have resolved many, if not all, of the issues in this case." Doc. 40. This Court invited all parties to advise what remained of any case or controversy on which this Court should rule. Doc. 40. Johnson and Hubbel filed a response asking this Court to rule on whether LaFleur was a "false" intervenor, whether a prior ruling by Judge Piersol would apply to the 2020 election, and who was CPSD chairman. Doc. 41. LaFleur also responded, asking, among other things, that this Court appoint a special prosecutor

---
[1] LaFleur has amended his initial complaint twice since then.

to investigate the facts of the case.  Doc. 45.  LaFleur moved for summary judgment in mid-November 2015, asking this Court to declare that Mike Gunn is the chairman of the CPSD, that the CPSD be returned to the position it was in before its "hostile takeover," and that the CPSD "automatically" have ballot access in 2022.  Docs. 46, 47.

In late November 2018, Krebs received a request for production of documents and a set of interrogatories from LaFleur.  Doc. 50.  Krebs moved for a protective order staying discovery, arguing that discovery presents an undue burden given her pending motion to dismiss and the motions for summary judgment by Johnson, Hubbel, and LaFleur.  Doc. 49.  Johnson and Hubbel agreed that discovery should be stayed, Doc. 56, but LaFleur objected, Docs. 52, 58.

Any discovery LaFleur has served on Krebs, Johnson, and Hubbel is premature.  Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  The parties have not yet met for a Rule 26(f) conference, this case is not exempted under Rule 26(a)(1)(B), and there is no stipulation or court order allowing LaFleur to conduct early discovery.  Although the Federal Rules of Civil Procedure allow for expedited discovery in certain circumstances, see Fed. R. Civ. P. 34, the party requesting such discovery must show good cause, which LaFleur has failed to do, see <u>Strike 3 Holdings, LLC v. Doe</u>, No. 18-cv-0771 (DWF/HB), 2018 WL 2278110, at *2 (D. Minn. May 18, 2018) (explaining that district courts within the Eighth Circuit generally apply a "good cause" standard to determine whether to allow expedited discovery).

Even if LaFleur's discovery requests were timely, this Court would still grant Krebs's request for a protective order.  Courts may stay discovery for good cause.  Fed. R. Civ. P. 26(c).

3

Although the filing of a motion to dismiss is not itself good cause for a stay, TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013), courts have "stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (cleaned up). See also, TE Connectivity, 2013 WL 4487505, at *2 ("[W]here a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate."). Krebs's motion to dismiss will likely dispose of this case in its entirety. As this Court indicated when ruling on the motion for a preliminary injunction, Johnson, Hubbell, and LaFleur appear to have little likelihood of success on the merits of their claims. Doc. 33 at 15–18. This Court also wants to hold a hearing on the pending motions and to discuss the future of this case before any discovery commences. Moreover, this case may be consolidated with LaFleur's other case, LaFleur v. Krebs, 18-CV-4125-RAL, in which the defendants have yet to be served. A stay of discovery is appropriate under these circumstances.

For the reasons stated above, it is hereby

ORDERED that Krebs's Motion for Protective Order, Doc. 49, is granted. Discovery is stayed until this Court rules on Krebs's motion to dismiss. It is further

ORDERED that the parties cooperate with this Court's judicial assistant to schedule a hearing.

DATED this 10th day of January, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE