UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| G. MATT JOHNSON, and LORA HUBBEL, | 4:18-CV-04108-RAL |
| Plaintiffs, | |
| and | ORDER ON PENDING MOTIONS |
| TERRY LEE LaFLEUR, | |
| Intervenor Plaintiff; | |
| vs. | |
| STEVE BARNETT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF SOUTH DAKOTA, | |
| Defendant. | |

There are several pending motions in this case, including Defendant's Motion to Dismiss, Doc. 20, and Plaintiffs' Motion for Summary Judgment, Doc. 21, that predate this Court's Opinion and Order, Doc. 33. Intervenor Terry Lee LaFleur now has filed an objection to substitution of the new Secretary of State of South Dakota as a party defendant, Doc. 62, and separately filed a motion seeking, among other things, appointment of a special prosecutor and binding arbitration of questions of fact, Doc. 45. LaFleur also has filed his own Motion for Summary Judgment, Doc. 46, and Demand for Jury Trial, Doc. 44. LaFleur has a separate but very closely related case, LaFleur v. Krebs et al., 18-CV-4125-RAL.

Taking the motions in the order in which they were filed, on September 21, 2018, Defendant filed a Motion to Dismiss asserting insufficient service of process and lack of

1

jurisdiction.   Thereafter, a return of service on Defendant was filed, Doc. 28, and Defendant through counsel appeared at a September 27, 2018 motion hearing, Doc. 32.   This Court in its Opinion and Order Denying Preliminary Injunctive Relief dated October 1, 2018, explained that Plaintiffs Johnson and Hubbel had substantially complied under South Dakota law to accomplish service on the Defendant.   Doc. 33 at 11–12; see SDCL § 15-6-4(d)(6); Wagner v. Truesdell, 574 N.W.2d 627 (S.D. 1998).   This Court then took up the core issue in the case—whether any candidate, and if so which candidate, of the Constitution Party of South Dakota should be on the South Dakota general election ballot for 2018—and explained at length under the Dataphase factors why a preliminary injunction could not issue.   Doc. 33 at 13–19; Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109 (8th Cir. 1981) (en banc).   In doing so, this Court addressed the Rooker-Feldman argument made in Defendant's Motion to Dismiss, finding one of the necessary elements not met as to Johnson and Hubbel, and finding it premature to apply the Rooker-Feldman doctrine to LaFleur's claims because LaFleur's appeal of the prior state court ruling to the Supreme Court of South Dakota meant that the state court ruling was not yet final.   Doc. 33 at 16–18.   Since that time, the Supreme Court of South Datkoa has dismissed LaFleur's appeal.   Doc. 38-5. Defendant filed the Motion to Dismiss before LaFleur intervened, so that motion to dismiss does not by its terms extend to LaFleur's claims made through intervention.   This Court's Opinion and Order Denying Preliminary Injunction addresses other reasons why the claims of Johnson, Hubbel, and LaFleur seem non-justiciable and otherwise claims on which relief may not be granted.   In short, it makes sense to deny the Defendant's previously filed Motion to Dismiss at this time, but to allow the Defendant, if he so chooses, to refile a similar though broader motion to dismiss.

The Motion for Summary Judgment filed by Johnson and Hubbel on September 21, 2018, sought a halt to absentee voting and placement on the 2018 ballot of Constitution Party of South

Dakota candidates from Johnson and Hubbel's faction of the party.   Doc. 21.   This Court essentially denied that request in the Opinion and Order Denying Preliminary Injunctive Relief. Doc. 33.

Intervenor LaFleur has filed four documents as motions: 1) Demand for Jury Trial, Doc. 44; 2) Motion for Judicial Notice, Doc. 45 (which argues his case and seeks, among other things, "that this Court appoint a special prosecutor" and both a jury trial and "binding arbitration of the questions of fact"); 3) Motion for Summary Judgment asserting that there are no questions of fact, Doc. 46; and 4) an objection to substituting new Secretary of State Barnett, alongside a motion seeking to join Secretary of State Barnett as a real party in interest, Doc. 62.   LaFleur's demand for jury trial is deemed timely filed, and this Court will conduct a jury trial in the very unlikely event that any of LaFleur's claims survive the Rooker-Feldman doctrine and res judicata and non-justiciability concerns addressed in the previous Opinion and Order Denying Preliminary Injunctive Relief.   As for LaFleur's Motion for Judicial Notice, the eleven documents attached to the motion are received into this Court's CM/ECF record.   However, LaFleur, as a person who has received a juris doctorate degree, should be well aware that this Court cannot compel arbitration where there exists no binding arbitration agreement and that he is not entitled to have this Court appoint a special prosecutor in a civil case to investigate those he considers to be his political adversaries.   LaFleur certainly is not entitled to summary judgment; this Court's Opinion and Order Denying Preliminary Injunctive Relief frames several legal obstacles that seem to bar LaFleur's claims.   Finally, this Court, consistent with Rule 25(d) of the Federal Rules of Civil Procedure, has substituted Steve Barnett as Secretary of State sued in his official capacity, for the former Secretary of State Shantel Krebs.   Krebs was sued in her official capacity as Secretary of State.   Rule 25(d) provides that "when a public officer who is a party in an official capacity . . .

ceases to hold office while the action is pending . . . . [t]he officer's successor is automatically substituted as a party."

Therefore, it is hereby

ORDERED that the Defendant's Motion to Dismiss, Doc. 20, is denied without prejudice to refiling.  It is further

ORDERED that Johnson and Hubbel's Motion for Summary Judgment, Doc. 21, is denied. It is further

ORDERED that LaFleur's Motion for Jury Demand, Doc. 44, is granted only to the extent that if indeed there is a legitimate triable factual issue on his claims, then there will be a jury trial. It is further

ORDERED that LaFleur's Motion for Judicial Notice, Doc. 45, is granted only to the extent that the documents attached thereto are received as part of the CM/ECF record, but is otherwise denied.  It is further

ORDERED that LaFleur's Motion for Summary Judgment, Doc. 46, is denied.  It is finally

ORDERED that LaFleur's objection to substitution of Steve Barnett as a defendant, Doc. 62, is overruled, and his request to add Steve Barnett as a party defendant is moot in light of the Court having so ordered previously.


DATED this 29ᵗʰ day of January, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

4