UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | ) ) ) | Civ.18-4108-RAL |
| Plaintiffs, | ) ) | |
| and | ) | DEFENDANT'S BRIEF |
| TERRY LEE LaFLEUR, | ) ) | IN SUPPORT OF MOTION TO DISMISS |
| Intervenor Plaintiff, | ) ) ) | |
| v. | ) ) | |
| STEVE BARNETT, Secretary of State, in his official capacity, | ) ) ) | |
| Defendant. | ) ) | |

Defendant moves this Court to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

Defendant incorporates the facts set forth in the Secretary of State's first Brief in Support of Motion to Dismiss.  Docket 23.

## DISCUSSION

Defendant moves the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.  "Motions under 12(b)(1) may assert either a 'facial' or 'factual' attack on jurisdiction." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).  When reviewing a factual attack, "a district court may look outside the pleadings to affidavits or other documents." *Id.*

"[T]he party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Id.* (citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

### 1.   Preclusion

Plaintiffs and Plaintiff Intervenor allege that their rights were violated due to a lawsuit instituted in state court, *Lederman v. Krebs, et al*, 32 CIV 18-000147, which resulted in their names not being placed on the 2018 general election ballot.  In that state court action, Dan Lederman, as chairman of the South Dakota Republican Party, applied for a writ of prohibition seeking a court order that the Secretary of State could not certify any candidate nominated by convention for the Constitution Party of South Dakota (CPSD). The state court, after taking evidence and hearing arguments, ruled that both of CPSD's dueling conventions were held in contravention of not only state statute but also the CPSD bylaws.  Accordingly, Defendant asserts Plaintiffs and Plaintiff Intervenor are precluded from pursuing these claims.

Issue preclusion "bars 'a point that was actually and directly in issue in a former action and was judicially passed upon and determined by a domestic court of competent jurisdiction.'" *Nemec v. Goeman*, 2012 S.D. 14, ¶ 15, 810 N.W.2d 443, 446 (quoting *Link v. L.S.I., Inc.*, 2010 S.D. 103, ¶ 36, 793 N.W.2d 44, 55).  For the doctrine to apply under South Dakota law, four factors must be met:

> "(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior

adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?"

*Hamilton v. Sommers*, 2014 S.D. 76, ¶ 34, 855 N.W.2d 855, 866 (quoting

*Estes v. Millea*, 464 N.W.2d 616, 618 (S.D. 1990)).

"Claim preclusion bars not only relitigation of issues previously heard

and resolved, but also claims that could have been raised in the earlier

proceeding, even though not actually raised." *Nemec*, 2012 S.D. 14, ¶ 16, 810

N.W.2d at 447 (quoting *Link*, 2010 S.D. 103, ¶ 38, 793 N.W.2d at 55). "'[T]he

test is a query into whether the wrong sought to be redressed is the same in

both actions.'" *Link*, 2010 S.D. 103, ¶ 37, 793 N.W.2d at 55 (quoting *Barnes v.

Matzner*, 2003 S.D. 42, ¶ 16, 661 N.W.2d 372, 377).

Here, Plaintiffs and Plaintiff Intervenor were in privity with the CPSD.

When examining privity, the Eighth Circuit noted

> The term 'privity' once referred to specific substantive legal
> relationships, but it has 'come to be used more broadly, as a way
> to express the conclusion that nonparty preclusion is appropriate
> on any ground.' '[T]he term "privity" is now used to describe
> various relationships between litigants that would not have come
> within the traditional definition of that term.' As Judge Goodrich
> wrote in *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950),
> 'privity' is 'merely a word used to say that the relationship between
> the one who is a party on the record and another is close enough
> to include that other within the res judicata.'

*Elbert v. Carter*, 903 F.3d 779, 782 (citations omitted).  Plaintiffs and Plaintiff

Intervenor were members of, and active participants in, the CPSD.  Though

Plaintiffs believed that Lora Hubbel/Joel Bergan/Gordon Howie held the

position of state party chair and Plaintiff Intervenor believed that Lori

Stacey/Mike Gunn was rightfully the state party chair, there is no question that both Plaintiffs and Plaintiff Intervenor were aware of the state court action prior to the state court hearing. They had influence over the decision as to whether the CPSD should participate in the state court action as they were part of the "Constitution Party Board." *See* Amended Complaint, ¶¶ 27, 29, and 33. As part of that board, Plaintiffs, by their own admission, were in a position to determine whether their faction of the CPSD would participate in the state court lawsuit. They even took steps to retain counsel only. A deliberate decision was made to refrain from participating in the state court hearing. They should not be allowed to have "a second bite at the apple."[1] *See Elbert*, 903 F.3d at 784. While Plaintiffs deliberately chose not to participate, Plaintiff Intervenor intervened and became an actual party to the underlying state court action. *See* Docket 47, pp. 3, 15. *See also* Docket 38, Exhibit J (state court motion to intervene); Exhibit G (hereinafter referred to as Transcript), 21:22-23; Exhibit E (Amended Judgment). Thus, the first factor is met.

The remaining factors are also satisfied. The issues presented during the course of the state court litigation included the issues presented to this Court: Was there proper service of process upon the CPSD; who held the position as

---

[1] Plaintiffs' claims should also be barred by the doctrine of laches. "The affirmative defense of laches 'is based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief.'" *Harleysville Worchester Ins. Co. v. Diamondhead Prop. Owners Ass'n, Inc.*, 741 F.3d 1336, 1338 (8th Cir. 2014) (quoting *Felton v. Rebsamen Med. Ctr., Inc.*, 373 Ark. 472, 284 S.W.3d 486, 495 (2008)).

the CPSD state party chairman; and could the Secretary of State certify the CPSD slate of convention candidates to the 2018 general election ballot and, if so, which slate?  *See* Docket 25, Exhibit B (Application for Writ of Prohibition); Transcript, 68:13-70:7, 97:24-99:5, 104:24-105:14, 116:2-119:9.  There was a final decision on the merits of these issues.  *See* Docket 25, Exhibit D (Judgment) and Exhibit E (Amended Judgment).  Plaintiff Intervenor further appealed the state court decision to the South Dakota Supreme Court.  *See* Docket 25, Exhibit F (Notice of Appeal) and Docket 38, Exhibit K (Order Dismissing Appeal).

Plaintiffs and Plaintiff Intervenor had a full and fair opportunity to litigate the issues.  Each of the factors for determining whether an action is barred under the doctrine of issue preclusion has been met and this action must be dismissed.  Moreover, any claims which could have been asserted during the state court litigation but were not are also barred by claim preclusion.

### 2.    *Rooker-Feldman* Doctrine

Defendant also asserts that Plaintiff Intervenor's claims must be dismissed under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine applies when three requirements are met:  "(1) The plaintiff in the federal case lost in state court; (2) The plaintiff was injured by a state-court judgment; and (3) The state-court judgment was rendered before the plaintiff commenced the federal suit."  *Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) (citing

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005)).

As Plaintiff Intervenor notes in his motion, he was a party to the underlying state court action. *See* Docket 38, Exhibit J (state court motion to intervene); Transcript, 21:21-22; and Exhibit E (Amended Judgment). Plaintiff Intervenor asserted in the state court action that the CPSD had not been properly served, that Lori Stacey's notice of convention was proper and in accordance with state law and CPSD bylaws and, as a result of the legitimacy of Ms. Stacey's chairmanship, that his name should be certified to the 2018 general election ballot as CPSD gubernatorial candidate. *See* Docket 47, pp. 3 and 15. The state court found that there was no evidence that Ms. Stacey's chairmanship was legitimate[2] and that, regardless of legitimacy, the notice of convention was untimely. Transcript, 95:16-97:16. Accordingly, the state court entered judgment on August 17, 2018, prohibiting the certification of Plaintiff Intervenor's name to the 2018 general election ballot. *See* Docket 25, Exhibit D (Judgment). An Amended Judgment was entered on August 21, 2018, reflecting Plaintiff Intervenor's party status in the state court proceeding. *See* Docket 25, Exhibit E (Amended Judgment). As a result of the state court action, Plaintiff Intervenor's name was not placed on the 2018 general election ballot. Plaintiffs commenced this action on August 29, 2018. *See* Docket 1.

---

[2] The evidence in the record is that Lora Hubbel was elected as CPSD state party chairman on July 11, 2016. Nothing, however, provides evidence as to how Ms. Stacey rightfully assumed the title from Ms. Hubbel under the CPSD bylaws, especially given that the CPSD bylaws provide that the vice chair assumes the role of chair should a vacancy arise. Moreover, the CPSD bylaws do not provide for an appointment of the state party chair.

Meanwhile, Plaintiff Intervenor appealed the state court judgment and the appeal was denied by the South Dakota Supreme Court on September 21, 2018. *See* Docket 38, Exhibit K (Order Dismissing Appeal).  Plaintiff Intervenor then moved for intervention in this action on September 27, 2018. *See* Docket 31.

Thus, a review of the facts results in satisfaction of each of the factors for the application of the *Rooker-Feldman* doctrine – Plaintiff Intervenor was a losing party in a state court action; he arguably suffered an injury; and his portion of this action was commenced after that loss.  Accordingly, the *Rooker-Feldman* doctrine bars this action.

### 3.    Standing

"'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986)).  Thus, a plaintiff must demonstrate Article III standing to evoke the court's jurisdiction. To establish standing,

> "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."

*Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 55 U.S. 488, 493, 129 S.Ct. 1142, 1149, 173 L.Ed.2d 1 (2009)). Furthermore,

> if a plaintiff is required to meet a precondition or follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition.

*Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1161 (8th Cir. 2008). "Because standing is determined as of the lawsuit's commencement, [the Court] consider[s] the facts as they existed at that time." *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)).

Here, Plaintiffs and Plaintiff Intervenor are asserting that their rights were violated when their names were not certified to the 2018 general election ballot as candidates for the CPSD. Defendant contends that the right to have a nomination certified to the general election ballot belongs to the political party and rights are only conferred to a nominee once a proper nomination has occurred. *See* SDCL §§ 12-5-21, 12-5-22, 12-5-25, 12-5-26, and 12-8-6. In this instance, to qualify for certification to the ballot as gubernatorial candidates, or as the lieutenant governor candidate in the case of Mr. Johnson, convention nominees must be selected by a majority vote at the party convention.[3] For a convention to be lawfully convened, the state party chair is

---

[3] During the 2018 election year, CPSD was a recognized political party with alternative status. Accordingly, CPSD was allowed to nominate its statewide candidates at convention. *See* SDCL §§ 12-5-21 and 12-5-25.

required to provide notice to the Secretary of State thirty days prior to the commencement of the convention. *See* SDCL § 12-5-17. No issue has been raised with regard to whether Plaintiffs or Plaintiff Intervenor were selected by a majority vote. However, the question of whether they were chosen at a <u>lawfully</u> convened convention has been litigated in state court in *Lederman v. Krebs*.

As previously described, there were two individuals claiming to be the state party chairman, Lora Hubbel and Lori Stacey. Ms. Hubbel submitted a notice of convention on July 13, 2018, noticing a convention to be held on August 14, 2018. A notice of convention was also filed by Ms. Stacey on July 15, 2018, noticing a convention to be held on August 14, 2018. In *Lederman*, the state court determined that neither the notice sent by Ms. Hubbel nor Ms. Stacey was proper as neither was timely and neither was submitted by the state party chair. *See* Transcript, 102:24-103:24. In finding that the notices were untimely, the state court relied upon state law and the CPSD bylaws. The state court determined that, in addition to the state law requirement that the convention notice be received by the Secretary of State thirty days prior to the convention, the CPSD bylaws required that the convention be held within sixty days after the primary election. The conventions held on August 14 would have occurred more than sixty days after the primary election. Transcript, 104:24-105:14. Accordingly, the state court ruled that the conventions were not lawfully convened. *Id.* Finally, the state court ruled that there was no evidence in the record that supported claims by either Ms. Hubbel or Ms. Stacey that they held the office of state party chair at

9

the time the notices were filed.  Transcript, 116: 2-124:23.  Thus, based upon the determination of the state court, which is entitled to be given effect by this Court, Plaintiffs and Plaintiff Intervenor were not properly nominated and did not qualify to be certified as nominees for the CPSD.  *See In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984)) (stating "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").  *See also* 28 U.S.C. § 1738.  Having failed to be properly nominated under state law and their party bylaws, Plaintiffs and Plaintiff Intervenor fail to meet a requisite precondition.  They did not have a right to be certified to the 2018 general election ballot and, therefore, do not have standing to pursue this action.  Accordingly, this action must be dismissed.

## CONCLUSION

Plaintiffs and Plaintiff Intervenor are clearly requesting this Court to conduct an appellate review of the underlying state court proceedings.  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987). *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994)).  To the

extent that Plaintiffs and Plaintiff Intervenor request the Court to go a step further and not only overrule the state court finding but also determine who the legitimate candidates are, they present nonjusticiable claims. As a result, the Court is deprived of subject matter jurisdiction and this action should be dismissed.

Dated this 15th day of February 2019.

/s/ Ann F. Mines Bailey
Ann F. Mines Bailey
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD  57501-8501
Telephone: (605) 773-3215
Ann.MinesBailey@state.sd.us


### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, to the following non-CM/ECF participants:

G. Matt Johnson
204 South 7th Avenue
Brandon, SD  57005

Lora Hubbel
4605 West Graceland Court
Sioux Falls, SD  57106

Terry Lee LaFleur
4601 East Clark Street, Apt. 8
Sioux Falls, SD  57110

/s/ Ann F. Mines Bailey
Ann F. Mines Bailey
Assistant Attorney General

usdc_afm G. Matt Johnson et al. v. Steve Barnett – Brief in Support of Motion (mn)