UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and<br>LORA HUBBEL, | ) | Civ.18-4108-RAL |
| | ) | |
| Plaintiffs, | ) | |
| and | ) | DEFENDANT'S |
| | ) | REPLY TO PLAINTIFFS' |
| TERRY LEE LaFLEUR, | ) | BRIEF IN RESPONSE TO |
| | ) | DEFENDANT'S SECOND |
| Intervenor Plaintiff, | ) | MOTION TO DISMISS |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE BARNETT, Secretary of State,<br>in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now Defendant, Steve Barnett in his official capacity, by and through the undersigned counsel, and files this reply in support of Defendant's Second Motion to Dismiss.

First, contrary to the Federal Rules of Civil Procedure and the Local Rules of this District, Plaintiffs have filed two responses to Defendant's Motion to Dismiss. See Dockets 69 and 71. Defendant requests that the Court not consider one of Plaintiffs' Responses to Defendant's Motion to Dismiss as well as the numerous documents filed without any indication of their foundation. Both the Federal Rules of Civil Procedure and the Local Rules of this Court contemplate the filing of a response – not multiple responses. *See* Fed. R. Civ.

1

P. 12 and 56 and D.S.D. L.R. 7.1.  This is in part to promote judicial efficiency and in part to provide opposing counsel some guidance as to when a reply brief is due given that deadlines for Defendant's reply begins to run with the filing of the Plaintiffs' response.  Understanding, however, that the Court must provide some leniency, Defendant attempts to respond to the substantive arguments presented in both filings but nonetheless asks the instruct the parties to abide by D.S.D. L.R. 7.1.

Also, as a preliminary matter, the undersigned counsel feels compelled to respond to Plaintiffs' accusations of deceit.  As noted, at the hearing before this Court on September 27, 2018, and, again, in Defendant's Motion for Extension, counsel represented that a transcript of the underlying state court proceeding, *Lederman v. Krebs,* had not been created.  See Docket 34.  In so stating, counsel meant, and at the time believed everyone understood, that while a court reporter had been present at the state court hearing and recorded that hearing, his stenographic notes had not been transcribed to the written document referred to as a transcript.  To counsel's knowledge, that transcription did not occur until the undersigned counsel requested the transcript on September 28, 2018.  This process was memorialized in Defendant's Motion for Extension filed on October 1, 2018.  *See* Docket 34. Ms. Hubbel possesses the transcript because the undersigned counsel provided it to her, as well as the Court and Plaintiff Intervenor.  *See* Docket 38, Exhibit G (Transcript).  Counsel still believes this was an accurate statement.

2

Next, Plaintiffs assert that Defendant has waived any argument regarding subject matter jurisdiction.  The United States Supreme Court, however, has held that subject matter jurisdiction can never be waived.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244,163 L.Ed.2d 1097 (2006). "'[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'  Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* Thus, the Court is obligated to ensure that it is acting within the scope of its authority in entertaining this matter.  Further, Defendant has at all times asserted that the Court is deprived of jurisdiction by the *Rooker-Feldman* doctrine and the doctrines of issue and claim preclusion.  Additionally, Plaintiffs have failed to demonstrate that they have the requisite standing to pursue this action.  Thus, these issues have not been waived.

As noted in the opening brief, under South Dakota law, application of the doctrine of issue preclusion is proper if the following four questions are answered in the affirmative:  "'(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?'" *Hamilton v. Sommers*, 2014 S.D.

76, ¶ 34, 855 N.W.2d 855, 866 (quoting *Estes v. Milea*, 464 N.W.2d 616, 618 (SD 1990)).  Plaintiffs do not contest that the issues presented during the state court proceedings are identical to the issues presented to this Court.  Plaintiffs also do not contest that there was a final judgment on the merits during the state court proceedings.  Further, Plaintiffs do not deny that they are in privity with the Constitution Party of South Dakota (CPSD) and that the CPSD was a party to the underlying state court proceeding.  Plaintiffs only appear to challenge the final factor -whether there was a full and fair opportunity to litigate during the underlying state court proceedings.  Plaintiffs assert that the CPSD was not properly served.  The state court, however, ruled that there was proper service of process upon the CPSD.  *See* Transcript 68:13-70:7.

South Dakota Codified Law, section 15-6-4(d) provides how service of process may be accomplished.  Pertinent to this matter, it states

> [i]f the action is against a business entity, on the president, partner or other head of the entity, officer, director, or registered agent thereof.  If any of the above cannot be conveniently found, service may be made by leaving a copy of the summons and complaint at any office of such business entity within this state, with the person in charge of such office;
>
> (i) A business entity for purposes of this subdivision shall include, but not be limited to:
>
>     . . .
>
>     D.    Entities with fictious names[.]

The CPSD is an entity with a fictitious name.  Thus, to accomplish effective service of process upon the CPSD, service must be made upon the head of, or an officer of, the entity.  The statute also provides that if those individuals cannot be "conveniently found" service may be made by leaving a

4

copy at any office of the entity.[1]  Here, as determined by the state court, service of process was accomplished by delivering the summons and complaint to Mr. Bergan, who qualified as the head of the entity, or as an officer of the entity, depending on the facts determined to be true.  Service of process may also be deemed proper as the summons and complaint were left at "any office of the entity" as it was left at the only address listed for the CPSD.  *See* Third Affidavit of Ann F. Mines Bailey Exhibit M.  (copy of the Sheriff's return of service).

In finding that there was effective service of process, the state court stated:

> At that time [the commencement of the *Lederman* action], pursuant to Exhibit C, the Constitution Party of South Dakota, as listed on the Secretary of State website, included an address, physical address, and also an e-mail address which was Joel Bergan, and there is also—even if there is uncertainty as to whether or not who was the chair of the organization, service could have effectively been completed on another officer.  There is evidence that has been submitted . . . that he was chair. . . .  I understand that you have a great dispute as to who was the proper chair of the party . . . but the service statutes are not limited to solely service on the chair.  Also, I would note that a party who is commencing the lawsuit is not privy to many of the things that you are making references unless they become some sort of official filing that is accessible.

Transcript 69:2- 70:4.

---

[1] Under South Dakota law, the burden of demonstrating that proper service of process was accomplished lies upon the plaintiff.  *See R.B.O. v. Congregation of Priests of Sacred Heart, Inc.,* 2011 S.D. 86, ¶ 7, 806 N.W.2d 807, 810.  Thus, in the *Lederman* matter, the burden fell upon the petitioner, Mr. Lederman.

As in the state court proceeding, it is undisputed that at the time the *Lederman* action was filed, the CPSD general contact information available to the public was the address of Joel Bergan.[2]  See Transcript 38:12-17,69:2-6.

It is also undisputed that at Mr. Bergan certified to the Secretary of State that he was the state party chair on July 19, 2018.  See Transcript 106:24-107:5.  Nor is it disputed that Mr. Bergan again asserted, on July 24, 2018, that he was the state party chair when he wrote to the Secretary of State's Office adopting Ms. Hubbel's notice of convention dated July 13, 2018.[3] See Transcript 118:6-119:9.   Finally, it is undisputed that Mr. Bergan signed the CPSD certificate of nominations submitted on August 14, 2018, indicating that he was the state party chair.

Plaintiffs allege that they were instructed by the Secretary of State to refrain from filing any information with regard to new officers.  Plaintiffs then assert that there was not proper service because of this lack of information.  As demonstrated above, this argument fails because service was effected upon an officer of the CPSD and at the address of the CPSD.  Recognizing the state court's decision that service of process was properly made upon Mr. Bergan as an officer of the CPSD at the address listed for the CPSD, this Court should

---

[2] There are no assertions in the record that anyone from either faction attempted to provide different contact information for the CPSD.  Rather, Plaintiffs assert only that they refrained from updating information regarding officers.

[3] Plaintiffs assert in their Response (Docket 71) that Mr. Bergan was no longer chair as of July 21, 2018.

reject Plaintiffs' claims that they did not have a full and fair opportunity to litigate in the state court proceedings.

Plaintiffs also attempt to argue that they did not have a full and fair opportunity to litigate during the state court proceedings because they were allegedly told that they would be represented by the State.  This argument, however, is contradicted by the other facts alleged by Plaintiffs.  Additionally, the State communicated to Plaintiffs through Mr. Bergan that it was not representing the CPSD.  *See* Third Affidavit of Ann F. Mines Bailey, Exhibit L. Indeed, the position of the State was, and still is, mandated by state law, which restricts the Attorney General and assistant attorneys general to the representation of the State and its agencies.  *See* SDCL §§ 1-11-1 and 1-11-1(1).  The CPSD is not a state agency.  Thus, the CPSD could not be represented by the Attorney General's Office.

Furthermore, any implications that the CPSD was relying upon the Attorney General's Office for representation is belied by Plaintiffs' admission that they were attempting to engage other counsel to represent the CPSD.  *See* Plaintiff's Response, Docket 71, p. 5.  In fact, counsel noticed his appearance in the state court proceeding but subsequently withdrew.  *See* Docket 25, Exhibit A (Case Information).

Plaintiffs' assertions may be construed as an argument to apply equitable estoppel.  However, for equitable estoppel to apply, Plaintiffs must demonstrate, by clear and convincing evidence, four factors:

(1) Defendant made false representations to or concealed material facts from [Plaintiffs]; (2) [Plaintiffs] did not have knowledge of the real facts; (3) the misrepresentations or concealment was made with the intention that it should be acted upon; and (4) [Plaintiffs] relied upon those misrepresentations or concealment to its prejudice or injury.

*East Side Lutheran Church of Sioux Falls v. NEXT, Inc.*, 2014 S.D. 59, ¶17, 852 N.W.2d 434, 441.  Plaintiffs have not demonstrated by clear and convincing evidence any false representations were made or that any alleged misrepresentations were made with the intention that they be acted upon.  Plaintiffs provide no evidence with their Responses.[4]  Additionally, Plaintiffs have not demonstrated that they did not have knowledge of the real facts.  They knew that the state court proceeding was being held and that the CPSD's interests would be affected.  See Plaintiff's Response, Docket 71 pp 4-5.  The

---

[4] In other filings within this docket, Plaintiffs submit an unauthenticated document which purports to be a text from former Secretary of State Shantel Krebs which states,

> Good afternoon,
> As party secretary we have received everything that we need for now.  If there were a change in state party officers that would be under 12-5-14.  And that's when you would notify us.  Again, everything we have is current.  Hold off on communication to our office right now. :) :)  We have everything we need. :) :)

Docket 70-1.  First, there is no foundation provided for this text nor authentication that it was indeed former Secretary Krebs who sent the communication.  Also, even assuming its authentication, it is impossible to take from this text that the former Secretary Krebs knew that the CPSD had chosen new officers and instructed that they refrain from filing.  In fact, it appears from this unauthenticated text that the former Secretary of State did NOT know of the election of new officers as it states "everything we have is current."  *See also* SDCL § 12-5-14 (requiring the certification of the state party chair to the Secretary of State).

laws of the State of South Dakota are available to all, including the laws which restrict the representation of the Attorney General's Office to the State and its agencies.  *See* SDCL §§ 1-11-1 and 1-11-1.1.  Moreover, Plaintiffs were informed through Mr. Bergan that the Attorney General's Office was not representing the CPSD.  *See* Third Affidavit of Ann Mines Bailey, Exhibit L. Finally, any assertions that Plaintiffs relied upon these alleged misrepresentations is belied by their own attempts to retain counsel.  *See* Plaintiffs' Second Response, Docket 71, p. 5.  Having failed to demonstrate by clear and convincing evidence any of the factors required for the application of equitable estoppel, the Court should reject Plaintiffs' equitable estoppel claim.

Overall, the record demonstrates that Plaintiffs were clearly in privity with the CPSD.  They knew of the impending state court proceeding and they chose not to participate.  Plaintiffs had an opportunity to fairly and fully present any of their claims before the state court and elected not to do so. Thus, having answered each of the questions necessary for the application of preclusion, this Court should dismiss this case.

Alternatively, this matter should be dismissed for lack of standing.  As noted previously, to demonstrate standing, "'a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.'"

*Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016) (quoting *Summers v. Earth Island Inst.,* 55 U.S. 488, 493 (2009)).  Furthermore, "if a plaintiff is required to meet a precondition or to follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1161 (8th Cir. 2008).  For an injury to exist, Plaintiffs must have been properly nominated at convention and certified to the Secretary of State.  *See id.  See also* SDCL §§ 12-5-21, 12-5-22, 12-5-25, 12-5-26, and 12-8-6.  Here, there is no evidence supporting that the conditions precedent were met.  Plaintiffs do not deny that their convention was untimely under the CPSD bylaws; rather they argue that they thought state law controlled.  The state court, however, ruled that both timing requirements must be met.  See Transcript 124: 13-24.  Furthermore, state law required that the Secretary of State be notified of the convention by the state party chairman.  See SDCL 12-5-17.  Though Ms. Hubbel asserts that she was the state party chair "Pro Tem", that position was rejected by the state court.  See Transcript 116:2-118:5. This assertion was even rejected by leadership of the national Constitution Party once they were informed that Ms. Hubbel had changed parties for a brief period of time.  Neither Plaintiff was properly nominated.  Accordingly, they lack standing to pursue this action.

Finally, Plaintiffs now seek an order from this Court requiring the State to recognize the CPSD.  This is not a remedy which was set forth in the Second Amended Complaint.  Furthermore, it is not an appropriate remedy for the alleged wrongs.  While Plaintiffs assert that they would have been able to obtain the required support at the polls to maintain their party status, their assertions are speculative at best.[5]  Accordingly, Defendant requests that the Court deny this request and dismiss this action.

---

5 Specifically, Plaintiffs assert that Governor Noem won the election by one percentage point.  *See* Plaintiffs' Second Response, Docket 71, p. 8.  They assert that given that she only won "by about 1%", there "is an easy likelihood that [the CPSD] could have garnered at least one percent of the vote [.]"  *Id.* While not wishing to comment regarding the likelihood of the CPSD having been able to garner one percent of the vote cast in the gubernatorial election, Defendant wishes to provide the Court with an accurate total vote count.  The final vote count, shows Governor Noem with 172,706 votes for 51% of the votes cast; Billie Sutton with 161, 171 votes for 48%; and Kurt Evans with 4,838 votes for 1% of the votes cast.  *See* http://electionresults.sd.gov/resultsSW.aspx?type=SWR&map=CTY.

Dated this 1st day of March 2019.

JASON R. RAVNSBORG
ATTORNEY GENERAL


/s/ Ann F. Mines Bailey
Ann F. Mines Bailey
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD  57501-8501
Telephone: (605) 773-3215
Ann.MinesBailey@state.sd.us

11

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by First-Class mail, postage prepaid, to the following non-CM/ECF participants:

G. Matt Johnson                    Lora Hubbel
204 South 7th Avenue               4605 West Graceland Court
Brandon, SD  57005                 Sioux Falls, SD  57106

Terry Lee LaFleur
4601 East Clark Street, Apt. 8
Sioux Falls, SD  57110

/s/ Ann F. Mines Bailey
Ann F. Mines Bailey
Assistant Attorney General

usdc_afm G. Matt Johnson et al. v. Steve Barnett – (mb)

12