UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| G. MATT JOHNSON and <br> LORA HUBBEL, <br>           Plaintiffs, <br> and <br> TERRY LEE LaFLEUR, <br>           Intervenor Plaintiff, <br> v. <br> STEVE BARNETT, Secretary of State, <br> in his official capacity, <br>           Defendant. | Civ. 18-4108-RAL <br><br> DEFENDANT'S RESPONSE <br> TO PLAINTIFFS' MOTION <br> FOR ORDER |

Pending before the Court is Plaintiffs' Motion Requesting an Order. Plaintiffs are asking the Court to reinstate the Constitution Party of South Dakota (CPSD) as a recognized political party and to require the Secretary of State's Office to file campaign finance documents from Plaintiffs' faction of the CPSD. While Plaintiffs set forth a number of allegations in this Motion that were also set forth in their Response to Defendant's Second Motion to Dismiss, Plaintiffs also appear to specifically move for relief not in the Second Amended Complaint. Accordingly, rather than re-stating the arguments set forth in his Brief in Support of the Second Motion to Dismiss and the Reply Brief in Support of his Second Motion to Dismiss, Defendant incorporates those

arguments herein and provides the following necessary background should the Court consider granting these requests.

First, Plaintiffs request that the Court order the recognition of the CPSD as a political party in South Dakota. Plaintiffs' Motion, p. 1, Docket 70. As background, to become a recognized political party under South Dakota law, a new political party must submit "a written declaration signed by at least one percent of the voters of the state as shown by the total vote cast for Governor at the last preceding gubernatorial election[.]" SDCL § 12-5-1. Recognition is then maintained when a candidate from that party "for any statewide office receives at least two and one-half percent of the total votes cast for that statewide office in either of the two previous general election cycles[.]" SDCL § 12-1-3(12).

The CPSD gained recognition in March of 2016. *See* Affidavit of Kea Warne, ¶ 14. The CPSD had only presidential electors on the 2016 general election ballot. *See* https://vip.sdsos.gov/CandidateList.aspx?eid=178. Thus, they could not maintain recognition based on the 2016 general election and relied solely on the 2018 general election to maintain recognition. However, due to the state court order in 2018, there were no statewide candidates nominated by the CPSD certified to the general election ballot. *See* http://electionresults.sd.gov/. Because the CPSD did not have a candidate for a statewide office receiving the required vote in 2016 or 2018, it lost its recognized status.

2

There is no question that Defendant acted pursuant to a court order prohibiting the certification of the CPSD convention nominees to the 2018 general election ballot. Defendant contends this Court should not conduct an appellate review of that state court order and incorporates the arguments previously set forth in Defendant's Second Motion to Dismiss. Nonetheless, should the Court grant Plaintiffs' request to order recognition of the CPSD as a political party, the Court must first find that CPSD would have garnered the requisite number of votes in the 2018 general election. *See* SDCL § 12-1-3.

In addition to determining that the CPSD would have received the requisite vote, a second issue arises: Which faction should be re-instated? Both Plaintiffs and Plaintiff Intervenor have asserted different individuals legitimately hold the title of state party chair. The Secretary of State's Office acts in a ministerial manner and is not in a position to determine who is the rightful state chair. Moreover, only one individual can be recognized as chair.[1] Should the Court determine that the CPSD's recognition be reinstated, the Secretary of State requests that the Court specify who holds the position of state party chair.

---

[1] This is one of the same issues which was presented to the state court. Not only was it necessary for the state court to determine who held the position of state party chair in determining whether there was lawful notice of the convention, but it was also necessary because the Secretary of State could only certify one slate of convention candidates for the CPSD. As previously discussed, the Secretary of State had been presented with two slates of differing candidates – one from each of the factions – but could only certify one slate of candidates for the CPSD. While Plaintiffs wish to now characterize the state court's determination as interfering with intra-party politics, the determination was essential for the performance of the mandates of state law in carrying out the 2018 general election.

3

Second, Plaintiffs request that the Court order the Secretary of State to file documents required by SDCL ch. 12-27, including a statement of organization required by SDCL § 12-27-3. *See* Plaintiffs' Attachments, pp. 4-7, Docket 70-1. Campaign finance documents are filed in the Secretary of State's Campaign Finance Reporting System (CFRS). *See* Affidavit of Kea Warne, ¶ 8. When a committee required to file such reports is organized, an account with the CFRS is created. *See id.* ¶ 9. The username and initial password are generated and provided to the treasurer of the committee. *See id.* ¶ 10. The treasurer is responsible for maintaining that password and providing it to his/her successor. *See id.* ¶ 11. Additionally, the treasurer has the ability to change the password at any time. *See id.* ¶ 10. In this case, a committee named "Constitution Party of South Dakota" currently exists. *See id.* ¶ 15. At the time the CPSD account was created, Lori Stacey was named chair and treasurer and the username and initial password would have been provided to her. *See id.* The Secretary of State does not have the ability to independently change the username and password or reassign the account to a different treasurer. *See id.* ¶ 12. Rather, the treasurer must pass along the pertinent information to his/her successor.[2] *See id.* ¶ 11. Finally, the CFRS does not recognize two groups with the same name. *See id.* ¶ 20. Thus, until such time as Plaintiffs receive the username and password from the current treasurer of

---

[2] It appears that documents have been recently filed on behalf of the CPSD by Micheal Gunn. Reason dictates that Ms. Stacy must have provided Mr. Gunn with the pertinent information, thus allowing the filing of reports.

the CPSD or the current account for the CPSD is terminated,[3] the Secretary of State is without the ability to file Plaintiffs' documents.

Defendant continues to assert that Plaintiffs lack standing. A plaintiff must allege certain facts to demonstrate standing: (1) a concrete and particularized injury-in-fact which is actual and not hypothetical; (2) the alleged injury must have a causal connection to the conduct complained of; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 704, 154 L.Ed.2d 610 (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). As noted in Defendant's Second Motion to Dismiss, Plaintiffs cannot demonstrate a causal connection between their asserted injury (their names not appearing on the 2018 general election ballot) and the conduct complained of (not being certified to the ballot) because they did not meet the requirements for being certified to the ballot. Their lack of standing is further illustrated by this Motion in that reinstating recognition of the CPSD and/or requiring the Secretary of State to file campaign finance documents will not redress their asserted injury of not being certified to the

---

[3] South Dakota Codified Law, section 12-27-22(4) requires a political party that loses its status as a qualified party to file a termination statement by the last Friday in January following the loss of status. As of the date of this submission, such a statement has not been filed by the CPSD.

5

2018 general election ballot.[4] Accordingly, Defendant moves this Court to deny these requested remedies and dismiss this action.

Dated this 12th day of March 2019.

                                               JASON R. RAVNSBORG
                                               ATTORNEY GENERAL

                                               */s/ Ann F. Mines Bailey*
                                               Ann F. Mines Bailey
                                               Assistant Attorney General
                                               1302 E. Highway 14, Suite 1
                                               Pierre, SD  57501-8501
                                               Telephone: (605) 773-3215
                                               Ann.MinesBailey@state.sd.us

                                               *Attorneys for Defendant*

---

[4] The relief originally requested by Plaintiffs (placement of their names on the 2018 general election ballot) is moot. There is no longer an actual case or controversy.

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March 2019, I electronically filed *Defendant's Response to Plaintiffs' Motion for Order* and *Affidavit of Kea Warne* with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

G. Matt Johnson
204 South 7th Avenue
Brandon, SD 57005

Lora Hubbel
4605 West Graceland Court
Sioux Falls, SD 57106

Terry Lee LaFleur
4601 East Clark Street, Apt. 8
Sioux Falls, SD 57110

/s/ *Ann F. Mines Bailey*
Ann F. Mines Bailey
Assistant Attorney General

usdc_afm G. Matt Johnson et al. – Response to Motion for Order (mn)