UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| G. MATT JOHNSON and LORA HUBBEL, | Civ.18-4108-RAL |
| Plaintiffs, and | |
| TERRY LEE LaFLEUR, | AFFIDAVIT OF KEA WARNE |
| Intervenor Plaintiff, | |
| v. | |
| STEVE BARNETT, Secretary of State, in his official capacity, | |
| Defendant. | |

I, Kea Warne, being first duly sworn upon oath, states as follows:

1. I am the Director of Election Services for the South Dakota Secretary of State's Office.

2. I have been employed in my current position since January of 2015, though my title has changed from Deputy Secretary of Election Services to Director of Election Services.

3. The Secretary of State's Office is charged with various ministerial duties involving the elections held in the State of South Dakota.

4. In my capacity as Director of Election Services, I receive for filing all documents and documentation relating to recognized political parties and

1

am familiar with the records related to recognized political parties. I also oversee all filings regarding campaign finance.

5. Filings regarding the recognition of and the activities of political parties are dealt with differently than filings dealing with campaign finance.

6. Under South Dakota law, a statement of organization must be filed for campaign finance purposes by every political action committee, candidate campaign committee, and ballot question committee. *See* SDCL § 12-27-3. Statements of organization, however, are not required from political committees "that regularly file campaign finance disclosure statements with another state or the Federal Election Commission, or a report of contributions and expenditures with the Internal Revenue Service." *See id.* The obligation under SDCL § 12-5-14 to certify the name of the state party chairperson to the Secretary of State is not fulfilled by the filing of a statement of organization form under SDCL § 12-27-3. Campaign finance forms are dealt with differently than, and separately from, required information dealing with the recognition and activities of political parties.

7. Under SDCL § 12-27-22(4), statewide political parties are required to "file a pre-primary, pre-general, year-end and, if applicable, supplemental report and amendments in even numbered years. In odd numbered years[, political parties ]shall file a year-end or amendments, if applicable. A termination report may be submitted at any time. A political party that loses its status as a qualified party shall file a termination statement by

2

5:00 p.m. central time the last Friday in January following the calendar year in which qualified party status was lost[.]"

8. By statute, the treasurer of the political committee is responsible for maintaining campaign finance records and submitting required campaign finance disclosure statements. *See* SDCL §§ 12-27-22 and 12-27-29. To aid in the filing of the required campaign finance disclosure statements, the Secretary of State's Office utilizes the Campaign Finance Reporting System (CFRS). This system allows mandatory filers to file and access reports, make changes to their committee information, and view other committee reports.

9. To utilize the CFRS, an account is created in the organization's name. There cannot be two or more groups with the same committee name.

10. The username and an initial password for the account are provided to the treasurer of the committee. While the username remains the same, the password may be changed by the treasurer at any time.

11. It is the responsibility of the treasurer of the political committee to provide the username and password for the account with CFRS to his/her successor. The Secretary of State's Office can see the usernames but cannot see the passwords.

12. To file a required report online, the username and password is necessary.

13. Though it has been previously recognized and lost recognition, the Constitution Party of South Dakota (hereinafter CPSD) most recently

became a recognized political party in the State of South Dakota on March 31, 2016.

14. During the 2016 and 2018 general elections, the CPSD failed to have a candidate running for statewide office receive at least two and one-half percent of the total votes cast for that statewide office. *See* https://sdsos.gov/elections-voting/election-resources/election-history/default.aspx. As a result, the CPSD is no longer a recognized political party in South Dakota. *See* SDCL §§ 12-1-3 and 12-5-1.

15. With regard to the campaign finance reports, a statement of organization was filed for the Constitution Party of South Dakota in 2012, which named Lori Stacey as chair and treasurer of the committee. As a result, Ms. Stacey would have been given the username and initial password for the political committee named "Constitution Party of South Dakota."

16. The records indicate that Ms. Stacey filed the pre-primary report for the 2018 election year on May 21, 2018.

17. The records further indicate Micheal Gunn filed the pre-general report on October 22, 2018, and the year end report on January 22, 2019. However, a termination statement has not been filed as required by SDCL § 12-27-22(4).

18. The Secretary of State's Office has received paperwork for the committee named "Constitution Party of South Dakota" from individuals other than

became a recognized political party in the State of South Dakota on March 31, 2016.

14. During the 2016 and 2018 general elections, the CPSD failed to have a candidate running for statewide office receive at least two and one-half percent of the total votes cast for that statewide office. *See* https://sdsos.gov/elections-voting/election-resources/election-history/default.aspx. As a result, the CPSD is no longer a recognized political party in South Dakota. *See* SDCL §§ 12-1-3 and 12-5-1.

15. With regard to the campaign finance reports, a statement of organization was filed for the Constitution Party of South Dakota in 2012, which named Lori Stacey as chair and treasurer of the committee. As a result, Ms. Stacey would have been given the username and initial password for the political committee named "Constitution Party of South Dakota."

16. The records indicate that Ms. Stacey filed the pre-primary report for the 2018 election year on May 21, 2018.

17. The records further indicate Micheal Gunn filed the pre-general report on October 22, 2018, and the year end report on January 22, 2019. However, a termination statement has not been filed as required by SDCL § 12-27-22(4).

18. The Secretary of State's Office has received paperwork for the committee named "Constitution Party of South Dakota" from individuals other than

Micheal Gunn, who is currently listed as the treasurer of the committee with that name.

19. The Secretary of State's Office is unable to file those documents because the CFRS does not allow two groups to utilize the same committee name.

Dated in Pierre, South Dakota this 12th day of March, 2019.

_Kea Warne_
Kea Warne, Affiant

Subscribed and sworn to before me, a notary public, this 12th day of March, 2019.

_Christine Lehrkamp_
Notary Public - South Dakota

(SEAL)

My commission expires: 1.21.21

5