UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| G. MATT JOHNSON and<br>LORA HUBBEL,<br><br>   Plaintiffs,<br>and<br><br>TERRY LEE LaFLEUR,<br><br>   Intervenor Plaintiff,<br><br>v.<br><br>STEVE BARNETT, Secretary of State,<br>in his official capacity,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. 18-4108-RAL<br><br>DEFENDANT'S<br>REPLY TO PLAINTIFFS'<br>BRIEF IN RESPONSE TO<br>DEFENDANT'S SECOND<br>MOTION TO DISMISS |

Comes now Defendant, Steve Barnett in his official capacity, by and through the undersigned counsel, and files this reply in support of Defendant's Second Motion to Dismiss and in reply to Plaintiff Intervenor's responses.

**A. Preclusion**

As noted in the opening brief, under South Dakota law, application of the doctrine of issue preclusion is proper if the following four questions are answered in the affirmative:

> "(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication?"

*Hamilton v. Sommers*, 2014 S.D. 76, ¶ 34, 855 N.W.2d 855, 866 (quoting *Estes v. Milea*, 464 N.W.2d 616, 618 (S.D. 1990)).

Plaintiff Intervenor asserts that he raised two issues before the state court: who was the legal chairman of the Constitution Party of South Dakota (CPSD) and whether there was proper service of process upon the CPSD? Plaintiff Intervenor's Response, p. 3, Docket 74. These are the identical issues placed before this Court in *this* action. *See also* Docket 38, Affidavit of Ann F. Mines Bailey, Exhibit G (hereinafter referred to as Transcript), 68:13-70:7, 97:24-99:5, 104:24-105:14, 116:2-119:9.

Next, Plaintiff Intervenor asserts that the state court wrongly determined the issue of service of process but did not reach the issue of who held the position of state party chair. Plaintiff Intervenor's Response, p. 3, Docket 74. This is misleading as the state court specifically found that there was no evidence that either Lora Hubbel or Lori Stacey, both of whom were asserting to hold the position of state chair at the time the notices of convention were filed, held the position. *See* Transcript, 118:1-5. While Plaintiff Intervenor argues that there was not a full adjudication on the merits, which is belied by the record, and further contends that the state court erred in not filing a written opinion,[1] a final judgment was indeed entered on the merits. *See* Transcript,

---

[1] South Dakota Codified Law, section 15-6-52(a) provides in part:

> In all actions tried upon the facts without jury or with an advisory jury, the court shall, unless waived as provided in § 15-6-52(b), find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to § 15-6-58.
>
> (continued . . .)

2

68:13-70:7; 91:18-127:20. *See also* Affidavit of Ann F. Mines Bailey, Exhibit D, Docket 25.

Plaintiff Intervenor also asserts that he was not in privity with the CPSD. However, the only way that Plaintiff Intervenor could have been the gubernatorial nominee for the CPSD is if he was in privity with the CPSD. In support of his argument, Plaintiff Intervenor quotes extensively from a Wikipedia entry on privity of contract and asserts that he was not in a contractual relationship with the CPSD. *See* Plaintiff Intervenor's Response, pp. 17 and 19-20, Docket 74. *See also* Fourth Affidavit of Ann F. Mines Bailey, Exhibit O (Wikipedia article believed to be quoted). Nonetheless, the Eighth Circuit has held that "privity" is a reference to a variety of relationships which are "'close enough to include [the] other within the res judicata.'" *Elbert v. Carter*, 903 F.3d 779, 782-83 (8th Cir. 2018) (citations omitted). Thus, Plaintiff Intervenor's alleged position of gubernatorial candidate would place him in privity with the CPSD. Moreover, the factor is satisfied because Plaintiff Intervenor, himself, was a party to the state court adjudication.

The final factor is whether Plaintiff Intervenor had a full and fair opportunity to litigate the issues in the state court proceeding. There is no question that Plaintiff Intervenor was able to fully and fairly litigate the issue of

---

( . . . continued)
The statute goes on to provide, "It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence, or appear in an opinion or memorandum decision filed by the court." SDCL § 15-6-52(a). In this instance, the state court provided findings of fact and conclusions of law "orally, and [they were] recorded in open court." *See* Transcript, 68:13-70:7; 91:18-127:20.

whether there was effective service of process.[2] That the state court did not rule in his favor does not render the opportunity to litigate unfair. Furthermore, a review of the record indicates that he had a full and fair opportunity to litigate the issue of who held the position of state party chair. He had the opportunity to present evidence and promote his arguments. Plaintiff Intervenor, however, chose to leave the proceeding before its conclusion.  *See* Transcript, 71:1-8.  *See also In re Ragucci*, 433 B.R. 889, 895 (Bankr. M.D. Fla. 2010) (holding that the application of collateral estoppel is appropriate when the party chose to not participate in portions of the underlying proceeding); and *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (holding that disagreement with a court's ruling regarding the choice of law did not amount to the denial of a full and fair opportunity to litigate).  The fact that Plaintiff Intervenor had a full and fair opportunity to litigate is further demonstrated by the fact that he appealed the state court's decision to the South Dakota Supreme Court.  Again, the fact that he failed to serve the CPSD and thus had not perfected his appeal does not mean that he did not have a full and fair opportunity to litigate.  *See Ferdik v. McFadden*, 979 F.2d 854 (9th Cir. 1992) (holding the failure to pay a filing fee which resulted in the dismissal of an appeal did not mean the party did not have a full and fair opportunity to litigate in state court).

---

[2] Plaintiff Intervenor attempts to list a variety of alleged errors he believes the state court made.  These alleged errors, however, would have been properly raised before the South Dakota Supreme Court.

Plaintiff Intervenor had a full and fair opportunity to litigate the very issues pending before this Court. Each of the factors for determining whether an action is barred under the doctrine of issue preclusion has been met and this action must be dismissed. Moreover, any claims which could have been asserted during the state court litigation but were not are also barred by claim preclusion.[3]

### B.   *Rooker-Feldman*

Plaintiff Intervenor is also barred under the *Rooker-Feldman* doctrine. Under this doctrine, a federal court is not to conduct an appellate review of a state court decision. As stated previously, four requirements must be met for application of the doctrine: "(1) The plaintiff in the federal case lost in state court; (2) The plaintiff was injured by a state-court judgment; and (3) The state-court judgment was rendered before the plaintiff commenced the federal suit." *Cody v. Severson*, 2005 WL 2046009, *4 (D.S.D. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005)). Here, all four requirements are satisfied.

Plaintiff Intervenor does not hide that he is seeking appellate review of the state court decision. Plaintiff Intervenor argues that such review is acceptable and asserts that the *Rooker-Feldman* doctrine is unconstitutional. Plaintiff Intervenor's Response, p. 2, Docket 74. It appears he is asserting that

---

[3] For instance, Plaintiff Intervenor's claims regarding whether the CPSD was required to be represented by counsel during legal proceedings under South Dakota law could have been, and should have been, raised during the state court proceedings and in his appeal to the South Dakota Supreme Court. *See* Plaintiff Intervenor's Response, p. 18, Docket 74.

this Court has authority to review the state court decision pursuant to "the Judiciary Act of 1789 and subsequent enactments." *Id.* He goes on to argue that the federal courts have only the jurisdiction provided to them by Congress. *Id.* at p. 5. He then reasons that "[i]nasmuch, Congress reserved the right vested in them by the Constitution to determine for themselves what the inferior courts jurisdiction will be, not the Rooker Feldman Doctrine." *Id.* at p. 9. He concludes that the doctrine "clearly violates the authority reserved to Congress as granted in the Constitution." *Id.* at p. 11. Plaintiff Intervenor's argument appears to be largely based upon a Cornell Law article and an article from Justia (a website which provides free case law, codes, regulations, and legal information), from which he quotes extensively. *Id.* at pp. 2-11. *See also* Fourth Affidavit of Ann F. Mines Bailey, Exhibits P and Q (articles from Cornell Law and Justia believed to be quoted).

 Plaintiff Intervenor's argument fails for several reasons. First, the Cornell Law article is discussing United States Supreme Court's appellate review of decisions from a state's highest court through a writ of certiorari pursuant to 28 U.S.C. § 1257. Thus, those arguments presented in the Cornell Law article are not applicable here as this matter is not under review pursuant to a writ of certiorari to the United State Supreme Court.

 Furthermore, Congress has in fact limited federal court review of state court decisions and has only provided appellate review of state court decisions under specific circumstances; none of which apply to this action. *See* 28 U.S.C. §§ 1257, 2241, and 2254. In reviewing the general grant of jurisdiction

to federal courts to review state court proceedings, federal courts have consistently ruled that they lack jurisdiction to entertain an appellate review of a state court finding unless the case falls within a specific grant of appellate authority, such as a habeas corpus proceeding. *See generally*, 18B Charles Alan Wright, et al., Federal Practice and Procedure § 4469.1 (2d ed. November 2018 Update). Plaintiff Intervenor's argument that the *Rooker-Feldman* doctrine violates the authority granted to Congress only makes sense if 28 U.S.C. § 1257 is misconstrued as granting appellate jurisdiction to all federal courts over decisions from the highest state courts. But 28 U.S.C. § 1257 only grants that authority to the United States Supreme Court. The *Rooker-Feldman* doctrine does not contradict what Congress has mandated; rather it has clarified the congressional enactments. *See id.* Moreover, the *Rooker-Feldman* doctrine has not been ruled unconstitutional by any court and, in fact, has been repeatedly applied by the federal courts.

    **C.**    **Standing**

Next, Plaintiff Intervenor lacks standing in that he was not a properly nominated gubernatorial candidate. As previously indicated, the state court found that the notice of the convention where Plaintiff Intervenor was nominated did not comply with state law or the CPSD by-laws as the notice was not submitted by the state party chair in a timely fashion. *See* Transcript, 102:24-103:24 and 104:24-105:14.

Plaintiff Intervenor contends that Lori Stacey was the state party chair at the time she filed the notice of convention. In support of this contention,

7

Plaintiff Intervenor relies upon campaign finance statements of organization filed pursuant to SDCL ch. 12-27 which are not, and have never been, relied upon for the certification of the state party chair under SDCL § 12-5-14. Furthermore, Ms. Stacey's notice was not timely under state law (requiring notice thirty days prior to the convention) nor the CPSD by-laws (requiring convention to be held within sixty days of the primary election). For the notice of the August 14 convention to be timely under state law, it would have had to have been filed on or before July 13, 2018.[4] *See* Transcript 95:16-97:16. Additionally, the August 14 convention was approximately seventy days after the June 5, 2018 primary election, in violation of the CPSD bylaws which require the convention to be held within sixty days of the primary election. *See* Transcript, 104:24-105:14.

Plaintiff Intervenor also asserts that while Plaintiffs do not have standing, he does because he participated in the underlying action. Plaintiff Intervenor's Response, p. 14, Docket 74. Plaintiff Intervenor further contends that he has standing because he was injured by former Secretary Krebs' alleged "overt and covert encouragement to the other non-governmental actors" and her alleged assistance which "helped them pull off the coup d'état of the Statewide Convention of the CPSD on July 14, 2018." *Id.* at p. 15. The July 14 convention, however, was also noticed by Ms. Stacey. As a result, based upon

---

[4] As neither the day of the filing of notice nor the day of the convention may be counted under South Dakota law, and Saturdays are not a normal business day, the last day to provide timely notice would have been Friday, July 13, 2018.

8

the state court's findings, it could not be reasonably concluded that the July 14 convention was a lawfully convened convention as Ms. Stacey was not the state party chair at the time she noticed the July 14 convention. Furthermore, no candidates, including Plaintiff Intervenor, were presented to the Secretary of State for certification to the ballot as a result of the July 14 convention. Thus, Plaintiff Intervenor had no rights stemming from that July 14 convention.[5]

Plaintiff Intervenor additionally asserts in his responses that he has standing as a voter who has been deprived of his "fundamental right to vote for a candidate of his choice." Plaintiff Intervenor's Response, p. 8, Docket 74. First, this was not the basis for standing which he asserted in his Motion to Intervene. *See* Docket 31. There, Plaintiff Intervenor asserted that he had an interest in this proceedings because he was "the only valid and legal Gubernatorial Candidate for the CPSD[.]" *See id.* Plaintiff Intervenor, however, does not have the right to vote for a candidate who has not met the requirements to be placed on the ballot. Simply put, there is no "absolute right to support a specific candidate regardless of whether he or she has satisfied reasonable eligibility requirements." *Stiles v. Blunt*, 912 F.2d. 260, 266 (8th

---

[5] Plaintiff also implies that he was injured by the alleged misrepresentations made that the Attorney General's Office would represent the CPSD during the state court proceedings. Plaintiff Intervenor's Response, p. 15, Docket 74. However, there is no credible evidence that any such representations were made. In fact, the record affirms that the CPSD was aware that they were not represented by the Attorney General's Office. Moreover, Plaintiff Intervenor clearly did not rely upon the alleged misrepresentations as he intervened in the underlying matter and was made a party to that action. *See East Side Lutheran Church of Sioux Falls v. NEXT, Inc.*, 2014 S.D. 59, ¶ 17, 852 N.W.2d 434, 441.

Cir. 1990) (citations omitted).  *See also Storer v. Brown*, 415 U.S. 724, 737, 94 S.Ct. 1274, 1282, 39 L.Ed.2d 714 (1974) (holding that where a candidate himself is barred from challenging an election statute, there is no basis for a court to consider a challenge by a voter who desires to support that unqualified candidate); and *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1161 (8th Cir. 2008) (providing that "if a plaintiff is required to meet a precondition or to follow a certain procedure to engage in an activity or enjoy a benefit and fails to attempt to do so, that plaintiff lacks standing to sue because he or she should have at least taken steps to attempt to satisfy the precondition.'").  Thus, Plaintiff Intervenor does not have standing as a voter to pursue this action.

## CONCLUSION

Plaintiff Intervenor is barred from pursuing his claims under the doctrines of preclusion and *Rooker-Feldman*.  Moreover, Plaintiff Intervenor has failed to demonstrate that he possesses the requisite standing.  As a result, this Court is deprived of jurisdiction and this matter should be dismissed.

Dated this 12th day of March 2019.

                JASON R. RAVNSBORG
                ATTORNEY GENERAL

                */s/ Ann F. Mines Bailey*
                Ann F. Mines Bailey
                Assistant Attorney General
                1302 E. Highway 14, Suite 1
                Pierre, SD  57501-8501
                Telephone: (605) 773-3215
                Ann.MinesBailey@state.sd.us

                *Attorneys for Defendant*

CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of March 2019, I electronically filed *Defendant's Reply to Plaintiffs' Brief in Response to Defendant's Second Motion to Dismiss* and *Fourth Affidavit of Ann F. Mines Bailey and attachments*, with the Clerk of the Court for the United States District Court for the Southern Division by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

      I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

G. Matt Johnson  
204 South 7th Avenue  
Brandon, SD  57005

Lora Hubbel  
4605 West Graceland Court  
Sioux Falls, SD 57106

Terry Lee LaFleur  
4601 East Clark Street, Apt. 8  
Sioux Falls, SD 57110

/s/ *Ann F. Mines Bailey*  
Ann F. Mines Bailey  
Assistant Attorney General

usdc_afm G. Matt Johnson et al. – Reply (mn)